1  RICHARD D. SCHRAMM (SBN 151696)
   ADAM S. JURATOVAC (SBN 295763)
2  EMPLOYMENT RIGHTS ATTORNEYS
   1500 East Hamilton Ave., Ste. 118
3  Campbell, CA  95008
   Tel:  (408) 796-7551
4  Fax: (408) 796-7368

5  Attorneys for Defendants, JBA Investment
   Group LLC and Bella Awdisho
6

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  MADHAV PRASAD MARASINI,              )   Case No.:
                                         )
12              Plaintiff,               )   **NOTICE OF REMOVAL OF CIVIL ACTION**
                                         )   **TO FEDERAL COURT**
13          v.                           )
                                         )   Santa Clara County Superior Court
14  JBA INVESTMENT GROUP LLC and BELLA   )   Case No: 20CV366582
15  AWDISHO,                             )
                                         )   [28 U.S.C. §§ 1331, 1441, 1446(a), (b), and (d)]
16              Defendants.              )
    ―――――――――――――――――――――――――――          )
17

18

19

20

21

22          TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT

23  OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:

24          **PLEASE TAKE NOTICE** that Defendants, JBA Investment Group LLC (hereinafter referred to

25  as "JBA") and Bella Awdisho (hereinafter referred to as "AWDISHO"), through the undersigned

26  counsel, hereby remove the above-captioned action from the Superior Court of the State of California for

27  the County of Santa Clara, to the United States District Court for the Northern District of California,

28  pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

―――――――――――――――――――――――――――――――――――――――――――――――――――――――――――

Defendants' Notice of Removal to U.S. District Court                                              1

1    JBA and AWDISHO's Notice of Removal is based upon and supported by the following:

2    **THE STATE COURT ACTION**

3    1.    Plaintiff Madhav Prasad Marasini ("Plaintiff") commenced this action against Defendants

4    in Santa Clara County Superior Court, now pending as Case No. 20CV366582. Plaintiff filed his

5    Complaint on May 15, 2020. A true and correct copy of the Summons and Complaint if attached hereto

6    as Exhibit A.

7    2.    Defendants were served with a copy of the Complaint and Summons, and Civil Case

8    Cover Sheet on or about May 29, 2020. Plaintiff's Complaint includes twelve causes of action alleging:

9    (1) Violation of the Fair Employment and Housing Act ("FEHA") - Disability; (2) Failure to Make

10    Reasonable Accommodation; (3) Failure to Engage in an Interactive Process; (4) Violation of the FEHA

11    - Retaliation, (5) Wrongful Discharge in Violation of Public Policy; (6) Negligent Infliction of

12    Emotional Distress; (7) Intentional Infliction of Emotional Distress; (8) Failure to Pay California

13    Overtime Wages; (9) Violation of the Fair Labor Standards Act of 1938 for Non-Payment of Overtime;

14    (10) Failure to Provide Adequate Meal and Rest Periods; and (11) Failure to Pay All Wages Due at

15    Termination.

16    3.    JBA and AWDISHO timely filed a joint Answer to Plaintiff's Complaint in State Court

17    on June 25, 2020. A true and correct copy of JBA and AWDISHO's Answer to Plaintiff's Complaint is

18    attached respectively hereto as Exhibit B.

19    **JURISDICTION AND VENUE**

20    4.    This is a civil suit brought and now pending in Santa Clara County, California. Venue

21    properly lies in the United States District Court for the Northern District of California pursuant to 28

22    U.S.C. section 84(a), 1391(a) and 1441(a). This case is one that may be removed to this Court by

23    Defendants because it involves a federal question within the jurisdiction of this Court.

24    **FEDERAL QUESTION JURISDICTION**

25    5.    This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1331.

26    Specifically, the district courts of the United States have original jurisdiction over all civil actions that

27    pose a federal question, such that the action arises under the Constitution, laws, or treaties of the United

28    States. See 28 U.S.C. §1331. "Except as otherwise expressly provided by Act of Congress, any civil

1   action brought in a State court of which the district courts of the United States have original jurisdiction,

2   may be removed by the defendant or defendants, to the district court of the United States for the district

3   and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4         6.     Plaintiff's Complaint alleges violations of the Fair Labor Standards Act of 1938

5   ("FLSA"), 29 U.S.C. § 201, et. seq.   The FLSA is a federal statute, amended since 1938.   Therefore,

6   Defendants may remove this action to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a) and

7   (c) because the action arises under the FLSA.

8                      **TIMELINESS OF REMOVAL**

9         7.     As required by 28 U.S.C. §1446(d), the original Notice was filed within 30 days after

10   Defendants were first served with a copy of the Summons and Complaint.

11               **NOTICE TO PLAINTIFF AND STATE COURT**

12         8.     As required by 28 U.S.C. §1446(d), Defendants provided notice of this removal to

13   Plaintiff through his attorney of record.

14         9.     As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed

15   with the Superior Court of the State of California, for the County of Santa Clara.

16         10.    In the event this Court has a question regarding the propriety of this Notice of Removal,

17   Defendants request that it issue an Order to Show Cause so that it may have an opportunity to more fully

18   brief the basis for this removal.

19         WHEREFORE, Defendants, JBA Investment Group LLC and Bella Awdisho remove the above

20   action to this Court.

21   DATED: June 25, 2020

22

23                        /s/
                ADAM S. JURATOVAC, Esq.

24                   EMPLOYMENT RIGHTS ATTORNEYS
                Attorneys for Defendants, JBA Investment Group LLC and

25                   Bella Awdisho

26

27

28

# EXHIBIT A

1   Alexei Kuchinsky  State Bar No. 279405
2   KUCHINSKY LAW OFFICE, P.C.
    220 Montgomery Street, Suite 2100
3   San Francisco, CA 94104
    Tel.:    (628) 200-0902
4   Fax.:    (628) 200-0907
    Email:   ak@kuchinskylawoffice.com
5

6   Attorney for Plaintiff Madhav Prasad Marasini

E-FILED
5/15/2020 11:47 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV366582
Reviewed By: S. Uy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

## UNLIMITED JURISDICTION

| | |
|---|---|
| MADHAV PRASAD MARASINI, | CASE NO.: 20CV366582 |
| PLAINTIFF, | **COMPLAINT FOR DAMAGES** |
| VS. | *Demand for Jury Trial* |
| JBA INVESTMENT GROUP LLC, BELLA AWDISHO, AND DOES 1 THROUGH 10. | |
| DEFENDANTS. | |

Plaintiff Madhav Prasad Marasini brings this action against Defendants Bella Awdisho, JBA Investment Group LLC (doing business as "Silicon Valley Corporate Catering" or "SVCC Catering"), and Does 1 through 10, and alleges the following:

### I.    INTRODUCTION

This action is brought by Plaintiff Madhav Prasad Marasini ("Plaintiff" or "Marasini") against his former employers Defendants Bella Awdisho, JBA Investment Group LLC, and Does 1-10 for disability discrimination in violation of California's Fair Employment and Housing Act

**1**

**COMPLAINT**

1  (FEHA). Plaintiff also seeks to recover unpaid overtime wages caused by Defendants' exempt

2  misclassification.

3  **II.       VENUE AND JURISDICTION**

4  1.   It is appropriate for this court to exercise jurisdiction over Defendants because they are

5  residents of and/or doing business in the State of California.

6  2.   Venue is proper in this Court in accordance with Section 395(a) of the California Code of

7  Civil Procedure because at all relevant times Defendants resided and/or reside in Santa Clara

8  County. Moreover, Defendants employed Plaintiff in Santa Clara County and the harms occurred

9  in Santa Clara County.

10  3.   The damages sought in this matter exceed $25,000.

11  **III.      PARTIES**

12  **A.  Plaintiff**

13  4.   Plaintiff Madhav Prasad Marasini ("Plaintiff" or "Marasini") was, at all times mentioned

14  herein, a natural individual, residing in the County of Santa Clara, State of California. At all

15  relevant times herein, Defendants employed Plaintiff in the County of Santa Clara, State of

16  California.

17  5.   At all times pertinent, Plaintiff was an "employee," as defined by California Government

18  Code Section 12926, part of the California Fair Employment and Housing Act, Government Code

19  Sections 12900 *et. seq.* ("FEHA").

20  **B.  Defendants**

21  *1.  Limited Liability Company Defendant*

22  6.   Defendant JBA Investment Group LLC, has been doing business in the State of California.

23  Defendant JBA Investment Group LLC is a California Corporation registered with the California

24  Secretary of State to do business in California as a Corporation under the same (Entity No.

25  201910510212) and doing business in the state of California with its principal place of business in

26  Mountain View, State of California.

27  7.   At all times pertinent, Defendant JBA Investment Group LLC, and Does 1 through 10

28  were an "employer," as defined by California Government Code Section 12926, part of the FEHA.

**2**

**COMPLAINT**

1  At all times pertinent, Defendants JBA Investment Group LLC, and Does 1 through 10 employed

2  more than five employees in California, which is within the meaning of the California

3  Government Code section 12926.

4  ### *2. Individual Defendant*

5  8.  Plaintiff is informed and believes and thereon alleges that Defendant Bella Awdisho is, and

6  at all times mentioned herein, an individual doing business in the state of California with its

7  principal place of business in the County of Santa Clara, State of California.

8  **9.**  Plaintiff is informed and believes and upon that alleges that at all times relevant, individual

9  Defendant Bella Awdisho and Does 1 – 10 were persons acting on behalf of JBA Investment

10  Group LLC, Inc and she violated, or caused to be violated, various provisions of the California

11  Labor Code ("Labor Code"), including, but not limited, to Part 2, Chapter 1 of the Labor Code,

12  which regulates hours and days of work in the applicable order of the Industrial Welfare

13  Commission. Defendant Awdisho also violated Wage Order No. 5, Sections, regulating hours and

14  days of work. Therefore, under Labor Code sections 558 and 558.1, Defendant Awdisho is

15  personally liable for all alleged violations.

16  ### *3. Doe Defendants*

17  10. The true names and capacities of Defendants Does 1 through 10, inclusive, are currently

18  unknown to Plaintiff, whom, therefore, Plaintiff sues by their fictitious names. Plaintiff is

19  informed and believes and thereon alleges that each of those Defendants was in some manner

20  responsible for the events and happenings alleged in this complaint and for Plaintiff's injuries and

21  damages.

22  ### C. Alter Ego Relationship

23  11. On information and belief, Plaintiff alleges that at all relevant times, individual Defendant

24  Bella Awdisho and Does 1 through 10 were and are owners, managers and/or directors of each

25  other, and have such unity of interest among each other, that they have in fact dominated and

26  controlled the operation of JBA Investment Group LLC, did, among other things:

27  12. a)      Commingled funds and other assets between corporate funds with their funds and

28  assets for their own convenience and to assist in evading the payment of obligations;

**3**

**COMPLAINT**

1   13. b)  Diverted funds and other assets from JBA Investment Group LLC, to other than
2 corporate uses;

3   14. c)  Treated JBA Investment Group LLC's assets as their own;

4   15. d)  Failed to obtain authority to issue membership certificates;

5   16. e)  Failed to maintain minutes or adequate corporate records;

6   17. f)  Failed to adequately capitalize or provide any assets to Defendant JBA Investment
7 Group LLC;

8   18. g) Diverted assets from JBA Investment Group LLC, to themselves to the detriment of
9 creditors, including Plaintiff; and

10   19. h)  Used Defendant JBA Investment Group LLC., as a "facade" for their personal
11 dealings.

12   20. As a result of this conduct, Defendants JBA Investment Group LLC, Bella Awdisho, and
13 Does 1-10 are directly liable to Plaintiff for the conduct of each other in carrying out the
14 obligations to Plaintiff as his employers and are the alter egos of each other. Recognition of the
15 privilege of separate existence would promote injustice because Defendants JBA Investment
16 Group LLC, Bella Awdisho, and Does 1-25 have profited from the deprivation of the rights of
17 Plaintiff.

18   21. Plaintiff is informed and believes and thereon alleges that each of the Defendants,
19 including the Doe Defendants, acted in concert with each and every other Defendant, intended to
20 and did participate in the events, acts, practices and courses of conduct alleged herein, and was a
21 proximate cause of damage and injury thereby to Plaintiff as alleged herein. At all times herein
22 mentioned, each Defendant was the agent or employee of each of the other Defendant and was
23 acting within the course and scope of such agency or employment.

24   22. Plaintiff is informed and believes and thereon alleges that at all relevant times, each
25 Defendant authorized and ratified, aided and abetted, and acted in concert with and/or conspired
26 with each and every other defendant to commit the acts and to engage in the unlawful practices
27 alleged in this complaint.

28   23. Unless otherwise stated, Defendants Bella Awdisho, JBA Investment Group LLC, and

**4**

**COMPLAINT**

1  Does 1 through 10 are hereinafter referred to as Defendants.

2      24. Based on information and belief, Plaintiff alleges that during the relevant employment
3  period, as defined below, Defendants employed Plaintiff. Defendants were joint employers of
4  Plaintiff because they exercised control over the wages, hours, or working conditions of Plaintiff.
5  Based on information and belief, Plaintiff alleges that Defendants jointly engaged, suffered, or
6  permitted Plaintiff to work under working conditions described herein. Based on information and
7  belief, Plaintiff alleges that during the relevant employment period, Defendants jointly had control
8  or the right to control Plaintiff both as to the work done and the manner and means in which
9  Plaintiff's work was performed.

10     IV.      EXHAUSTION OF ADMINISTRATIVE REMEDIES

11     25. In accordance with the appropriate regulations, codes, and statutes, including but not
12  limited to the Government Code, Plaintiff has exhausted his administrative remedies by filing
13  timely complaints with the California Department of Fair Employment and Housing ("DFEH").
14  Plaintiff received the "right to sue" letter as to all Defendants. Plaintiff has exhausted all required
15  administrative remedies.

16     26. All of the acts alleged herein were in the nature of a continuing violation and/or continuing
17  torts. All of the misconduct alleged herein was part of the same continuous pattern of
18  discrimination and harassing practices, and at least some of the misconduct occurred within one
19  year of the date PLAINTIFF filed his claims with the DFEH.

20     V.       GENERAL ALLEGATIONS

21              A. General Facts

22     27. Defendants own, operate, and manage a catering company under the fictitious business
23  name "SVCC Catering."

24     28. From September 2, 2019 to January 14, 2020 ("Employment Period"), Defendants
25  employed Plaintiff as a cook at SVCC Catering in Mountain View, California. Plaintiff's
26  responsibilities, included preparing food, cooking, washing dishes, cleaning bathrooms, and other
27  kitchen related duties. During his employment period, Plaintiff was required to report to Bella
28  Awdisho and kitchen managers.

**5**

**COMPLAINT**

1     29. Plaintiff was misclassified as an exempt employee and at the time of his termination, he

2 was paid an annual income of $85,000.

3                        **B. Facts Relevant to Disability Discrimination**

4     30. Plaintiff is a person with a disability or perceived disability and is a member of a protected

5 class under the Fair Employment and Housing Act ("FEHA") Cal. Govt. Code §12940, *et. seq.*

6 During the relevant employment period, Plaintiff was suffering from a condition which

7 substantially restricted Plaintiff's ability to pursue major life activities. During the Employment

8 Period, Plaintiff made Defendants aware of his medical condition.

9     31. On or about December 20, 2019, while performing his work duties, Plaintiff fell and

10 fractured one or more of his ribs. Plaintiff felt a strong pain and needed some rest. Plaintiff

11 immediately notified his coworker and the kitchen manager about the injury. Plaintiff also

12 explained to the kitchen manager that he had chest pain and that he wanted to leave earlier.  The

13 kitchen manager was skeptical about Plaintiff's injury and made fun of his pain. He asked Plaintiff

14 to show a video of the incident and refused to believe that Plaintiff was in pain.  The kitchen

15 manager denied Plaintiff's request to leave earlier, and, instead, authorized Plaintiff to take a 1-

16 hour break. On December 20, 2020. Plaintiff worked a full day.

17     32. Given the kitchen manager's lack of understanding and fearing of losing his job, Plaintiff

18 continued to report to work as scheduled until December 26, 2019, when his pain became

19 unbearable. On or about December 27, 2020, Plaintiff went into an emergency room for

20 examination.  After examination, Plaintiff was informed that his rib was fractured, and he needed

21 to rest from work. The doctor approved Plaintiff for a leave of absence from work from December

22 27, 2019 through January 5, 2020. Plaintiff notified Defendants about his medical condition and

23 his need for a temporary medical leave until January 6, 2020. He also informed Defendants about

24 his intention to come back to work after recovery. Throughout his leave, Plaintiff kept Defendants

25 informed about his intended return date.

26     33. On January 6, 2020, Plaintiff reported back to work, as scheduled. Though Plaintiff was

27 released to work without any restrictions, he still suffered light chest pains and, as a result, he

28 worked at a slower pace compared to his pre-injury work pace. Upon his return, Plaintiff noticed

1   that the kitchen manager's attitude towards him had changed. For example, the kitchen manager
2   would regularly ask Plaintiff to work quicker, expressing dissatisfaction about Plaintiff's slow
3   work pace. Plaintiff attempted to work quicker but experienced chest pains of which he informed
4   the kitchen manager.

5      34. On January 14, 2020, when Plaintiff came to work, as scheduled, Defendant informed him
6   that he was terminated due to a lack of work.

7      35. During the short period of his employment with Defendants, Plaintiff was a dedicated,
8   hardworking employee. He demonstrated a strong work ethic evidenced by his extremely long
9   work hours. Plaintiff was held in high regard by his co-workers and was praised by Defendant
10  Bella Awdisho as "… amazing part of [the company's] success."

11              **C. Facts Relevant to Labor Code Violations.**

12     36. Defendants hired Plaintiff as a kitchen chef. According to Defendants' job offer, Plaintiff
13  was classified as an exempt employee. For services provided, Defendants paid Plaintiff an annual
14  salary of approximately $85,000. Plaintiff regularly worked 5 workdays per week, 13-14 hours per
15  shift, from 2:00 a.m. to 3/4:00 p.m. Occasionally, Plaintiff was required to work during weekends.
16  During holidays, his work hours ranged from 16-17 hours.

17     37. A few months into his employment with Defendants, Plaintiff realized that his job was
18  nothing more than just a kitchen cook with a glorified title of a Chef. Plaintiff was not responsible
19  for or involved in the management of the enterprise in which he or she is employed or of a
20  customarily recognized department or subdivision thereof. Plaintiff did not customarily and
21  regularly direct the work of two or more of Defendants' other employees. Plaintiff had no
22  authority to hire or fire other employees or make suggestions and recommendations as to the
23  hiring or firing and as to the advancement and promotion or any other change of status of other
24  employees. Plaintiff did not customarily and regularly exercise discretion and independent
25  judgment.

26     38. Defendants improperly classified Plaintiff as an exempt employee and denied Plaintiff
27  certain benefits and protections of California Labor Code including overtime, 30-minute meal
28  breaks, 10-minute rest breaks, and itemized wage statements. Defendants knowingly and willingly

**COMPLAINT**

1  misclassified Plaintiff as an exempt employee in order to avoid paying to Plaintiff overtime and
2  premiums for missed meal and rest breaks.

3      39. During the Employment Period, Plaintiff was a nonexempt employee entitled to the
4  protections of California Labor Code, the applicable Industrial Welfare Commission Order,
5  California Code of Regulations, Title 8, section 11050, and San Francisco Administrative Code
6  Chapters 12R.

7      40. Plaintiff worked more than forty (40) hours in a workweek and/or more than eight (8)
8  hours in a workday ("overtime"). Defendants have had actual or constructive knowledge that
9  Plaintiff had been working overtime. Defendants failed to pay Plaintiff the overtime wages
10 required under California law for overtime work by non-exempt employees – i.e., at least one and
11 one half times the employee's regular rate for all overtime work.

12     41. Defendants failed to pay Plaintiff the overtime wages required under California law for
13 hours in excess of 12 hours per workday – i.e., at least double of the employee's regular rate.

14     42. Plaintiff regularly worked more than 5 hours per workday. Plaintiff was not able and was
15 not allowed to take an uninterrupted 30-minute meal break.

16     43. Plaintiff regularly worked more than 4 hours per workday. Plaintiff was not able and was
17 not allowed to take an uninterrupted 10-minute rest break.

18     44. During the Employment Period, Defendants did not keep records of Plaintiff's meal breaks
19 or work hours.

20     45. During the Employment Period, Defendants failed to provide Plaintiff with accurate
21 itemized wage statement showing all his hours and premiums for missed meal and rest breaks.

22                          **FIRST CAUSE OF ACTION**
23                  **Discrimination in Violation of FEHA- Disability**
24      **[Gov. Code §§ 12926(j), 12940(a), 12941, 12945; 2 Cal. Code Regs. § 7285]**
25                **(Against Defendant JBA Investment Group LLC and Does 1-5)**
26     46. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs
27 of this Complaint.

28     47. Jurisdiction in this case is invoked pursuant to Govt. Code §§ 12900, 12921, 12926, 12940,

                                        **8**
                                    _____
                                     **COMPLAINT**

1 | and 12965 (collectively referred to as "FEHA"). Defendants are not exempted from the statutes
2 | cited in this paragraph by any local, state, or federal laws.

3 |     48. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"),
4 | California Government Code sections 12940 *et. seq.*, was in full force and effect and fully binding
5 | upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section
6 | 12940, prohibiting discrimination in employment based on physical disability and prohibiting
7 | discrimination based on Plaintiff being regarded as physically disabled.

8 |     49. At all times pertinent, Plaintiff was a person defined as disabled under applicable law.
9 | Plaintiff suffers from a condition, a disease, disorder, condition, that (a) affected one or more of
10 | the following body systems: neurological, immunological, musculoskeletal, special sense organs,
11 | respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary,
12 | hemic and lymphatic, skin and endocrine; and (b) limits an individual's ability to participate in
13 | major life activities. Govt. Code § 12926(k)(l).

14 |     50. In perpetrating the above-described actions, Defendants JBA Investment Group LLC and
15 | Does 1-5 engaged in a pattern and practice of unlawful discrimination in violation of Govt. Code §
16 | 12940(h), and Govt. Code §§ 12920; 12921(a); 12940(a)-(d); 12926(m); 12926(q). At all relevant
17 | times herein, and in violation of Cal. Gov. Code § 12940(h), Defendants JBA Investment Group
18 | LLC and Does 1-5 discriminated against Plaintiff by adversely affecting Plaintiff's employment on
19 | the basis of disability, and/or Plaintiff's protected status.

20 |     51. Defendants JBA Investment Group LLC and Does 1-10 knew Plaintiff had a *fractured rib*,
21 | a physical disability.

22 |     52. Plaintiff was able to perform the essential job duties with reasonable accommodations for
23 | his condition.

24 |     53. Defendants JBA Investment Group LLC and Does 1-10 failed to reasonably accommodate
25 | Plaintiff's physical disability and instead terminated his employment because Plaintiff had *a*
26 | *fractured rib*. Defendants JBA Investment Group LLC and Does 1-5 terminated Plaintiff a few
27 | days after Plaintiff came back from a medical leave of absence, a reasonable accommodation. In
28 | further violation of Plaintiff's rights, Defendants JBA Investment Group LLC and Does 1-5 failed

**9**

**COMPLAINT**

1  to engage in good faith, in an interactive process with Plaintiff when Plaintiff requested to leave
2  earlier on the day he fell at work. In further violation of Plaintiff's rights, Defendants JBA
3  Investment Group LLC and Does 1-5 failed to engage in good faith, in an interactive process with
4  Plaintiff when Plaintiff could not meet the kitchen manager's demand to work faster after Plaintiff
5  returned from medical leave. Instead, Defendant JBA Investment Group LLC and Does 1-5
6  terminated Plaintiff based on his disability and/or his need for a reasonable accommodation.

7      54. As a direct result of such discrimination, Plaintiff was harmed. Defendants JBA
8  Investment Group LLC and Does 1-5's harassment of Plaintiff and adverse employment actions
9  against Plaintiff were a substantial factor in causing Plaintiff's harm.

10     55. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will
11 continue to suffer, economic loss, including lost earnings, lost earning capacity, lost profits,
12 medical expenses, physical pain and suffering, and extreme and severe mental anguish and
13 emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts
14 to be proven at trial.

15     56. The conduct of Defendants JBA Investment Group LLC and Does 1-5 as alleged herein
16 was malicious, fraudulent, and/or oppressive, and done with a willful and conscious disregard for
17 Plaintiff's rights and for the harmful consequences of Defendants' actions.  Defendants JBA
18 Investment Group LLC and Does 1-5 acted maliciously, with intent to cause injury to Plaintiff.
19 Defendants' conduct was despicable (would be looked down on and despised by reasonable
20 people) and was done with a willful and knowing disregard of the rights or safety of Plaintiff.
21 Defendants JBA Investment Group LLC and Does 1-5 were aware of the probable dangerous
22 consequences of their conduct, and deliberately failed to avoid those consequences. Defendants
23 JBA Investment Group LLC and Does 1-5 acted oppressively, in that their conduct was
24 despicable, and subjected Plaintiff to cruel and unjust hardship in knowing disregard of his rights.
25 Each Defendant authorized, condoned, and ratified the unlawful conduct of each other Defendant.
26 Consequently, Plaintiff is entitled to punitive damages against each and every Defendant pursuant
27 to California Civil Code Section 3294.

28     57. WHEREFORE, Plaintiff prays for judgment against Defendants JBA Investment Group

**10**

**COMPLAINT**

1   LLC and Does 1-5 as set forth below.

2                   **SECOND CAUSE OF ACTION**

3           **Failure to Make Reasonable Accommodation**

4                **[Cal. Gov. Code §§ 12940(m)]**

5       **(Against Defendant JBA Investment Group LLC and Does 1-5)**

6     58. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs

7   of this Complaint.

8     59. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"),

9   Cal. Government Code § 12940 *et seq.*, was in full force and effect and fully binding upon

10   Defendants. Plaintiff was a member of a group protected by that statute, in particular section

11   12940(m), because he had a known physical disability.

12     60. Defendants JBA Investment Group LLC and Does 1-5 violated Government Code §

13   12940(m) because Defendants JBA Investment Group LLC and Does 1-5 failed to make a

14   reasonable accommodation for Plaintiff's need to take an interim medical leave from work to fully

15   recover from his rib injury; or when Plaintiff requested to leave earlier on the day he fell at work;

16   and when Plaintiff could not meet the kitchen manager's demand to work faster after Plaintiff

17   returned from medical leave.

18     61. As a direct, foreseeable and proximate result of Defendants JBA Investment Group LLC

19   and Does 1-5's unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in

20   earnings and other employment benefits and has incurred other economic losses.

21     62. As a direct, foreseeable, and proximate result of Defendants JBA Investment Group LLC

22   and Does 1-5's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and

23   embarrassment, all to the Plaintiff's damage in an amount to be proven at the time of trial.

24     63. Defendants JBA Investment Group LLC and Does 1-5 committed the acts herein

25   despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring

26   Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of

27   Plaintiff's rights to be free from discrimination on the basis of disability. Plaintiff is thus entitled

28   to recover punitive damages from Defendants in an amount according to proof.

1    64. WHEREFORE, Plaintiff prays for judgment against Defendants JBA Investment Group

2    LLC and Does 1-5 as set forth below.

3

**THIRD CAUSE OF ACTION**

**Failure to Engage in an Interactive Process**

**[Govt. Code § 12940(n)]**

**(Against Defendant JBA Investment Group LLC and Does 1-5)**

7    65. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs

8  of this Complaint.

9    66. Under the FEHA, it is an unlawful employment practice for an employer to fail to engage

10  in a timely, good faith, interactive process with an employee who has a disability to determine

11  effective reasonable accommodations in response to a request for reasonable accommodation. Cal.

12  Gov't Code § 12940(n).

13    67. Defendants JBA Investment Group LLC and Does 1-5 failed to engage in a timely, good

14  faith, interactive process with Plaintiff to determine what possible accommodation(s) would have

15  allowed Plaintiff to retain his employment. Rather than discuss with Plaintiff his need for

16  accommodation, Defendants terminated him.

17    68. Defendants JBA Investment Group LLC and Does 1-5's unlawful actions were intentional,

18  willful, malicious, and/or done with reckless disregard of Plaintiff's right to a good faith,

19  interactive process under the FEHA.

20    69. As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues

21  to suffer lost wages, employment benefits, pension benefits, and other compensation, in an amount

22  to be proven at trial.

23    70. As a further real proximate of these unlawful acts, Plaintiff has suffered and continues to

24  suffer injury, including emotional injury.

25    71. Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and

26  injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court.

27  As a direct and proximate result of Defendants JBA Investment Group LLC and Does 1-5's

28  actions, Plaintiff has incurred, and will continue to incur loss of compensation, benefits, earning

**12**

**COMPLAINT**

1    capacity, wages, opportunities for employment and advancement, and work experience, all to his

2    damage in an amount according to proof.

3      72.  Plaintiff is informed and believes and thereon alleges that the conduct of Defendants JBA

4    Investment Group LLC and Does 1-5 were grossly intentional, negligently reckless, willful,

5    wanton, malicious, oppressive and/or unmindful of obligations to Plaintiff so as to warrant the

6    imposition of punitive damages in an amount sufficient to punish, penalize or deter, for which

7    these Defendants are all liable to Plaintiff.

8      73. WHEREFORE, Plaintiff prays for judgment against Defendants JBA Investment Group

9    LLC and Does 1-5 as set forth below.

10    **FOURTH CAUSE OF ACTION**

11    **Retaliation in Violation of FEHA**

12    **[Govt. Code § 12940(h)(m)(2)]**

13    **(Against Defendant JBA Investment Group LLC and Does 1-5)**

14    74. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs

15    of this Complaint.

16    75. Jurisdiction in this case is invoked pursuant to Govt. Code §§ 12900, 12921, 12926, 12940,

17    and 12965. Defendants JBA Investment Group LLC and Does 1-5 are not exempted from the

18    statutes cited in this paragraph by any local, state, or federal laws.

19    76. At all times herein mentioned, California Government Code § 12940, *et seq.*, was in full

20    force and effect and was binding upon Defendants JBA Investment Group LLC and Does 1-5.

21    Defendants JBA Investment Group LLC and Does 1-5 were required to refrain from retaliating

22    against a person who opposes discrimination forbidden by the FEHA, including Plaintiff's right to

23    request a reasonable accommodation under the Act. Cal. Gov't Code §§ 12940(h), (m)(2).

24    77. At all times during Plaintiff's employment with Defendants JBA Investment Group LLC

25    and Does 1-5, Plaintiff performed his duties in a satisfactory fashion as hereto set forth.

26    78. Because of Plaintiff's disability, Defendants JBA Investment Group LLC and Does 1-5

27    retaliated against Plaintiff by, among other things and without limitation:

28      a)  Failing to take appropriate and sufficient correct action to stop the discrimination in

1    employment or prevent any similar misconduct from occurring in the future;

2    b)  Subjecting Plaintiff to adverse working conditions;

3    c)  Refusing to accommodate Plaintiff's disability;

4    d)  Refusing to engage in the interactive process to accommodate Plaintiff's disabilities;

5        and

6    e)  Terminating Plaintiff's employment with false and discriminatory reasons.

7    79. Plaintiff is informed and believes that in addition to the practices enumerated in this Cause

8    of Action, Defendants JBA Investment Group LLC and Does 1-5 have engaged in other retaliatory

9    practices which are not fully known by Plaintiff. The above enumerated acts of retaliation are not

10   meant to be exhaustive, but merely exemplary of the kinds of acts of retaliation against Plaintiff.

11   80. Defendants, by refusing to take action to abate the offensive and continuing discriminatory

12   and/or harassing conduct of each of the other Defendants, acted and/or failed to act and/or

13   attempted to act in such a way as to aid, abet, incite, compel and/or coerce each of the other

14   Defendants in doing such acts prohibited by the FEHA, as alleged above.

15   81. The aforementioned conduct of Defendants JBA Investment Group LLC and Does 1-5

16   constitutes a continuing violation of Plaintiff's rights from the first act to the latest action.

17   82. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered

18   and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort,

19   all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the

20   precise amount to be proven at trial.

21   83. As a direct and proximate result of Defendants JBA Investment Group LLC and Does 1-

22   5's unlawful actions as described above, Plaintiff has incurred, and will continue to incur medical

23   expenses, loss of deferred compensation, loss of equity, benefits, earning capacity, wages,

24   opportunities for employment and advancement, and work experience, all to his damage in an

25   amount according to proof.

26   84. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants JBA

27   Investment Group LLC and Does 1-5 was grossly intentional, negligently reckless, willful,

28   wanton, malicious, oppressive and/or unmindful of obligations to Plaintiff and/or exhibits that

**14**

**COMPLAINT**

1    entire want of care which would rise to the presumption of conscious indifference to the
2    consequences so as to warrant the imposition of punitive damages in an amount sufficient to
3    punish, penalize or deter Defendants, for which Defendants are all liable to Plaintiff.

4        85. WHEREFORE, Plaintiff prays for judgment against Defendants JBA Investment Group
5    LLC and Does 1-5 as set forth below.

6                            **FIFTH CAUSE OF ACTION**
7                   **Wrongful Discharge in Violation of Public Policy**
8                **(Against Defendant JBA Investment Group LLC and Does 1-5)**

9        86. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs
10   of this Complaint.

11       87. It is a fundamental, substantial and well-established public policy under California law that
12   a workplace be free of disability discrimination, and retaliation for complaints of discrimination.
13   This fundamental public policy is expressed under California Constitution Art. 1 §8, and
14   California Government Code § 12940, *et seq.*

15       88. In acting as alleged herein, Defendants JBA Investment Group LLC and Does 1-5
16   discharged Plaintiff arbitrarily, without just cause, and in violation of statutes and/or fundamental
17   public policies of the State of California.

18       89. As a direct, foreseeable, and proximate result of Defendants JBA Investment Group LLC
19   and Does 1-5's actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment,
20   mental and emotional distress and discomfort, all to Plaintiff's damage in an amount in excess of
21   the minimum jurisdiction of this court, the precise amount to be proven at trial.

22       90. As a direct and proximate result of Defendants JBA Investment Group LLC and Does 1-
23   5's unlawful actions as described above, Plaintiff has incurred, and will continue to incur medical
24   expenses, loss of deferred compensation, loss of equity, benefits, earning capacity, wages,
25   opportunities for employment and advancement, and work experience, all to his damage in an
26   amount according to proof.

27       91. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants JBA
28   Investment Group LLC and Does 1-5 was grossly intentional, negligently reckless, willful,

                                    **15**
                        _____
                               **COMPLAINT**

1    wanton, malicious, oppressive and/or unmindful of obligations to Plaintiff and/or exhibits the

2    entire want of care which would rise to the presumption of conscious indifference to the

3    consequences so as to warrant the imposition of punitive damages in an amount sufficient to

4    punish, penalize or deter Defendant, for which Defendants JBA Investment Group LLC and Does

5    1-5 are all liable to Plaintiff.

6      92. WHEREFORE, Plaintiff prays for judgment against Defendants JBA Investment Group

7    LLC and Does 1-5 as set forth below.

8                       **SIXTH CAUSE OF ACTION**

9               **Negligent Infliction of Emotional Distress**

10       **(Against Defendant JBA Investment Group LLC and Does 1-5)**

11      93. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs

12    of this Complaint.

13      94. By engaging in the conduct set forth herein, Defendants have negligently breached their

14    duty of care not to engage in the conduct alleged.

15      95. Defendants, and each of them, knew or should have known that their actions were likely to

16    result in serious emotional harm, anguish and distress to Plaintiff.

17      96. As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer

18    discomfort, anxiety, humiliation and emotional distress, and will continue to suffer serious

19    emotional distress in the future in an amount according to proof.

20      97. Plaintiff is informed and believes that the wrongful acts and/or conduct alleged herein

21    which was perpetrated by all Defendants was done maliciously, oppressively, and/or fraudulently

22    and with a wrongful intent of harming and injuring Plaintiff and did in fact harm Plaintiff with an

23    improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. As

24    a result, Plaintiff is entitled to recover punitive damages against said Defendants, and each of

25    them, as allowed for under law.

26      98. WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

27                     **SEVEN CAUSE OF ACTION**

28         **Intentional Infliction of Emotional Distress**

**16**

**COMPLAINT**

1                              **(Against Defendant JBA Investment Group LLC and Does 1-5)**

2     99. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs

3 of this Complaint.

4     100.      The conduct set forth herein above by Defendants was extreme and outrageous.

5 Said conduct was intended to cause and did cause severe emotional distress or was done in

6 conscious disregard of the probability of causing such distress.

7     101.      As a proximate result of said conduct, Plaintiff has suffered and continues to suffer

8 discomfort, anxiety, humiliation and emotional distress, and will continue to suffer serious

9 emotional distress in the future in an amount according to proof.

10     102.      Plaintiff is informed and believes that the wrongful acts and/or conduct alleged

11 herein which was perpetrated by Defendants was done maliciously, oppressively, and/or

12 fraudulently and with a wrongful intent of harming and injuring Plaintiff and did in fact harm

13 Plaintiff with an improper and evil motive amounting to malice and in conscious disregard of

14 Plaintiff rights. As a result, Plaintiff is entitled to recover punitive damages against Defendants,

15 and each of them, as allowable under law.

16     103.      WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

17                                        **EIGHT CAUSE OF ACTION**

18                           **Failure to Pay California Overtime Wages**

19              **(Cal. Labor Code §§ 510, 1194, 1198 and Wage Order 5-2001**

20                                **(Against All Defendants)**

21     104.      Plaintiff incorporates by reference as though fully set forth herein the preceding

22 paragraphs of this Complaint.

23     105.      At all relevant times, Defendants were employers subject to California Labor Code

24 section 510 and California Industrial Welfare Commission Wage Order 5-2001, which include

25 provisions setting forth the definition of overtime and the amount of compensation to be paid to an

26 employee that works overtime.

27     106.      At all relevant times, Plaintiff was a non-exempt employee of Defendants under

28 California law.

**17**

**COMPLAINT**

1    107.    At all relevant times, Defendants were required to compensate Plaintiff for all

2    overtime work performed, at one and one-half (1 ½) times the regular rate of pay for hours worked

3    in excess of eight (8) hours per day and/or forty (40) hours per week (whichever was greater), and

4    for the first eight (8) hours on the seventh (7th) consecutive day of any work week. Additionally,

5    Defendants were required to compensate Plaintiff with double time after twelve (12) hours in a

6    single workday and after eight (8) hours on the seventh (7th) consecutive day of any work week.

7    108.    On more than one occasion, Defendants engaged, suffered, or permitted Plaintiff to

8    work in excess of eight (8) hours in a day.

9    109.    On more than one occasion, Defendants engaged, suffered, or permitted Plaintiff to

10    work in excess of forty (40) hours a week.

11    110.    On more than one occasion, Defendants engaged, suffered, or permitted Plaintiff to

12    work (12) hours in a single workday and more than eight (8) hours on the seventh (7th)

13    consecutive day of any work week.

14    111.    Defendants have failed to pay Plaintiff an overtime premium for every hour of

15    overtime that Defendant engaged, suffered, or permitted Plaintiff to work in violation of Labor

16    Code section 1194.

17    112.    As a direct and proximate result of Defendants' wrongful acts and omissions

18    alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial. Plaintiff

19    has incurred and will continue to incur attorney's fees as a result of prosecuting this cause of

20    action.

21    **NINE CAUSE OF ACTION**

22    **Violation of the Fair Labor Standards Act for Non-Payment of Overtime**

23    **(29 U.S.C. §§ 201, *et. seq.*)**

24    **(Against All Defendants)**

25    113.    Plaintiff incorporates by reference as though fully set forth herein the preceding

26    paragraphs of this Complaint.

27    114.    29 U.S.C. § 203(s) states that the provisions of the FLSA applies to all entities,

28    institutions or businesses which employ persons involved in interstate commerce and whose

**18**

**COMPLAINT**

1   annual gross volume of sales is not less than $500,000.

2      115.     Plaintiff is informed and believes and thereon alleges that at all relevant times, each

3   Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and or

4   in the production of "goods" for "commerce," within the meaning of the FLSA, 29 USC § 203. At

5   all relevant times, Defendants have employed Plaintiff. At all relevant times, Defendants have had

6   gross operating revenues in excess of $500,000.

7      116.     At all relevant times herein, Plaintiff's employment with Defendants was subject to

8   the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq.

9   ("FLSA") by virtue of Defendants' direct involvement in interstate commerce.

10     117.     Plaintiff is informed and believes and thereon alleges that Defendants are an

11   "enterprise engaged in commerce or in the production of goods for commerce" as those terms are

12   defined in the statute and as interpreted by courts, and therefore Defendants are subject to, and

13   must comply with, the provisions of the FLSA. Further, during the Employment Period, Plaintiff

14   used interstate instrumentalities of commerce as a regular and recurrent part of his employment

15   duties.

16     118.     29 U.S.C. § 207, requires all employees to be paid overtime compensation for work

17   performed in excess of forty (40) hours per week, unless specifically exempted by the law.

18     119.     Although Plaintiff was not exempt during his employment with Defendants,

19   Defendants knowingly caused and permitted Plaintiff to regularly work in excess of forty (40)

20   hours per week without paying Plaintiff one and one half (1 ½) times Plaintiff's regular rate of

21   pay. Defendants were fully aware of the hours worked by and the duties assigned to Plaintiff.

22     120.     By not paying overtime compensation in compliance with the FLSA, Defendants

23   violated Plaintiff's rights under 29 U.S.C. §§ 201, et seq.

24     121.     Defendants intentionally failed to provide to Plaintiff overtime compensation, and

25   thus Defendants are liable to Plaintiff for overtime compensation and liquidated damages in an

26   amount equal to unpaid overtime compensation, pursuant to 29 U.S.C. § 216(b) of the FLSA.

27     122.     Plaintiff was required to retain an attorney for bringing this action and is entitled to

28   an award of reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

**19**

**COMPLAINT**

1    123.    Plaintiff seeks damages in the amount of his respective unpaid overtime
2 compensation, and liquidated damages, attorney's fee and cost, as provided by the FLSA, 29
3 U.S.C. §§ 216(b), 255 and such other legal and equitable relief as the Court deems just and proper.

4                        **TEN CAUSE OF ACTION**
5                  **Failure to Provide Adequate Meal and Rest Periods**
6              **Cal. Lab. Code § 512, 226.7, 1194 and Wage Order 5-2001**
7                        **(Against All Defendants)**

8    124.    Plaintiff incorporates by reference as though fully set forth herein the preceding
9 paragraphs of this Complaint.

10   125.    Defendants, at all relevant times, were employers subject to California Labor Code
11 section 512 and California Industrial Welfare commission Wage Order 5-2001, which include
12 provisions requiring Defendants to provide meal and rest periods to Plaintiff.

13   126.    At all times alleged herein, Plaintiff was a non-exempt employee of Defendants
14 under California law.

15   127.    California Industrial Welfare Commission Wage Order 5-2001provides that no
16 employer shall employ any person for a work period of more than five (5) hours without providing
17 a meal period at least 30 minutes and that no employer shall employ any person for a work period
18 of more than ten (10) hours without providing a second meal period of at least 30 minutes.

19   128.    California Industrial Welfare Commission Wage Order 5-2001also provides that
20 every employer shall authorize and permit all employees to take rest periods, which insofar as
21 practicable shall be in the middle of each work period. The authorized rest period time shall be
22 based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours
23 or major fraction thereof.

24   129.    Labor Code section 226.7 and the applicable Wage Orders of the Industrial Welfare
25 Commission provide that if an employer fails to provide a non-exempt employee with an
26 appropriate off duty meal period, the employer must pay the employee one (1) hour of pay at the
27 employee's regular rate of compensation for each work day that the meal period is not provided. If
28 an employer fails to provide an employee a rest period in accordance with the Order, the employer

**20**

**COMPLAINT**

1    shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for

2    each work day that the rest period is not provided.

3       130.      On more than one occasion, Plaintiff worked for at least five (5) hours through his

4    employment with Defendants. Defendants knew that Plaintiff was entitled to meal and periods, but

5    regularly denied him this right. However, Plaintiff was not allowed to take an uninterrupted 30-

6    minute "off-duty" meal break. Here, Defendants violated Labor Code sections 226.7, 512, and

7    Wage Order No. 5, Section 12 in many different ways, including the following:

8         a.   Required Plaintiff to work without meal and rest periods;

9         b.   Failed to release Plaintiff from all duties during meal and rest periods;

10        c.   Prevented Plaintiff  from taking full **30-minute** breaks;

11        d.   Required Plaintiff to take on duty meal and rest breaks; and

12        e.   Did not allow Plaintiff to take meal breaks within a statutory **5-hour** period;

13        f.   Did not allow Plaintiff to take rest breaks within a statutory **4-hour** period or major

14           fraction of thereof;

15        g.   Unlawfully required Plaintiff to waive meal and rest periods;

16        h.   Failed to pay Plaintiff one additional hour of pay when meal and rest periods were not

17           provided;

18       131.      Defendants knew that Plaintiff was a non-exempt employee working without meal

19    and rest break and knowingly, willfully, maliciously, oppressively, fraudulently failed to provide

20    meal and rest breaks.

21       132.      Because Defendants failed to provide the required meal and rest breaks, Defendants

22    are liable to Plaintiff for one (1) hour of additional pay at the regular rate of compensation for each

23    workday that the proper meal and rest breaks were not provided pursuant to Labor Code section

24    226.7 and Wage Order 5-2001.

25       133.      As a direct and proximate result of Defendants' wrongful acts and omissions

26    alleged herein, Plaintiff has suffered actual damages in an amount set forth in the Prayer for Relief

27    at the conclusion of this Complaint.

28       134.      As a direct and proximate result of Defendants' wrongful acts and omissions

1   alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

2                           **ELEVEN CAUSE OF ACTION**

3                  **Failure to Pay All Wages Due at Termination**

4                    **(Cal. Labor Code §§ 201, 202, 203)**

5                     **(Plaintiff Against All Defendants)**

6      135.      Plaintiff incorporates by reference as though fully set forth herein the preceding

7   paragraphs of this Complaint.

8      136.      Labor Code section 202 provides that an employer is required to provide an

9   employee who resigns with all unpaid wages within 48 hours of resignation. Under Labor Code

10   section 203, if an employer willfully fails to pay such wages, for every day that final wages or any

11   part of the final wages remain unpaid, the employer is liable for a penalty equivalent to the

12   employee's daily wage, for a maximum of 30 days.

13      137.      Defendants terminated Plaintiff's employment on January 14, 2020. Defendants,

14   however, as described above, willfully failed and refused to pay Plaintiff all accrued wages owed,

15   including unpaid overtime, on the day of his termination, as required under California Labor Code

16   section 201.

17      138.      Since the date of Plaintiff's termination, Plaintiff has been available and ready to

18   receive the wages due and owing Plaintiff. Plaintiff has not refused to receive any payment from

19   Defendants.

20      139.      Defendants' failure to pay the wages due and owing Plaintiff were willful in that

21   Plaintiff has made a demand for this payment but Defendants have refused to pay any portion of

22   the amount due and owing Plaintiff.

23      140.      Defendants' willful failure to pay Plaintiff's wages constitutes a violation of Labor

24   Code section 203 that provides that an employee's wages will continue as a penalty until paid up to

25   30 days from the time the wages were due. Therefore, Plaintiff is entitled to a penalty in the

26   amount of his daily wage rate multiplied by 30 days.

27      141.      Pursuant to Labor Code section 1194, Plaintiff requests the court to award Plaintiff'

28   reasonable attorney's fees and costs incurred in this action.

**22**

**COMPLAINT**

1                                  **TWELVE CAUSE OF ACTION**

2      **Failure to Provide Accurate Itemized Wage Statements and Maintain Adequate Records**

3                **Cal. Lab. Code §§ 226 & 1174 and Wage Order 5-2001**

4                          **(Plaintiff Against All Defendants)**

5       142.       Plaintiff incorporates by reference as though fully set forth herein the preceding

6 paragraphs of this Complaint.

7       143.       Pursuant to California Labor Code sections 226 and 1174, and the record keeping

8 provisions of Wage Order 5-2001, ¶ 7, all employers are required to maintain accurate records of

9 each employee's hours of work and meal breaks each workday for a period of at least three (3)

10 years, and provide to each employee with accurate, periodic wage payments in writing setting

11 forth, among other things: (a) the dates of labor for which payment of wages is made; (b) the total

12 hours of work for the pay period; (c) the applicable rates of pay for all hours worked; (d) gross and

13 net wages paid, as well as all authorized deductions from those wages; and (e) the name and

14 address of the employer.

15       144.       Defendants have knowingly failed to comply with California Labor Code section

16 226 by, among other things: (a) failing to provide accurate itemized wage statements in writing

17 showing all applicable rates in effect during the pay period and the corresponding number of hours

18 worked at each hourly rate by Plaintiff; (b) failing to show the dates of labor for which payments

19 are or were being made; and (c) failing to provide complete and/or accurate information

20 concerning deductions that are or have been taken from the Plaintiff's wages.

21       145.       California Labor Code section 226(e) further provides that any employee suffering

22 injury due to a willful violation of the aforementioned obligations may collect the greater of either

23 actual damages or $50 for the first inadequate pay statement and $100 for each inadequate

24 statement thereafter. During the course of Plaintiff' employment, Defendants consistently failed to

25 provide Plaintiff with adequate pay statements as required by California Labor Code section 226.

26       146.       Defendants failed to provide such adequate statements willingly and with full

27 knowledge of his obligations under section 226. Defendants' failure to provide such adequate

28 statements has caused injury to the Plaintiff in that Plaintiff was not able to calculate his overtime.

1    147.      Plaintiff is entitled to recover the greater of actual damages or penalties as a result

2    of Defendants' failure to provide proper records, in the amount set forth in the prayer at the

3    conclusion of this complaint. Plaintiff incurred costs and attorney fees in bringing this action, and

4    such costs and attorney fees should be awarded to Plaintiff under California Labor Code §226

5    **VI.      PRAYER FOR RELIEF**

6    WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

7    AS TO THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION

8    a.  For compensatory and general damages against in an amount according to proof, including

9        back pay, front pay, past and future damages for emotional and mental distress, and past

10       and future medical costs and expenses against Defendants JBA Investment Group LLC and

11       Does 1-5. For purposes of default and prove-up hearing, Plaintiff's damages for these

12       causes of action shall be $80,000;

13   b.  For prejudgment and post-judgment interest against all Defendants according to any

14       applicable provision of law, according to proof.

15   c.  Reasonable attorney's fees and the costs of this suit against all Defendants under to

16       California Government Code Section 12965(b); and California Code of Civil Procedure

17       Section 1021.5;

18   d.  For punitive damages pursuant to California Civil Code Section 3294 against Defendants

19       JBA Investment Group LLC and Does 1-5; and

20   e.  For such other and further relief as the Court deems just and proper.

21   AS TO THE SIXTH AND SEVENTH CAUSE OF ACTION

22   f.  For general damages against all Defendants in an amount according to proof, including

23       back pay, front pay, past and future damages for emotional and mental distress, and past

24       and future medical costs and expenses against Defendants JBA Investment Group LLC and

25       Does 1-5. For purposes of default and prove-up hearing, Plaintiff's damages for these

26       causes of action shall be $80,000;

27   g.  For punitive damages pursuant to California Civil Code Section 3294 against all

28       Defendants;

**24**

**COMPLAINT**

1    h.  For prejudgment and post-judgment interest according to any applicable provision of law,

2        according to proof; and

3    i.  For such other and further relief as the Court deems just and proper.

4  AS TO THE EIGHTH AND NINETH CAUSES OF ACTION

5        1.    For compensatory damages against all Defendants in the amount to be proven at

6               trial representing the unpaid amount of compensation owed to Plaintiff for the

7               overtime wage pursuant to Labor Code sections 1194 and 510. For purposes of

8               default and prove-up hearing, Plaintiff's damages for unpaid overtime shall be

9               $40,000;

10      2.    For liquidated damages against all Defendants pursuant to 29 U.S.C. §§ 216(b) and

11              Labor Code section 1194.2 against all Defendants in the amount to be proven at

12              trial. For purposes of default and prove-up hearing, Plaintiff's liquidated damages

13              shall be $40,000;

14      3.    For prejudgment and post-judgment against all Defendants interest according to

15              any applicable provision of law, according to proof.

16      4.    Reasonable attorney's fees and the costs of this suit against all Defendants under

17              Labor Code sections 1194, 218.5, and 29 U.S.C. §§ 216(b); and

18      5.    For such other and further relief as the Court deems just and proper.

19  AS TO THE TENTH CAUSE OF ACTION

20      1.    For compensatory damages against all Defendants in the amount to be proven at

21              trial, representing the amount of unpaid compensation owed to Plaintiff for

22              inadequate meal and rest periods pursuant to Labor Code section 226.7 and 512 and

23              Wage Order No. 5-2001. For purposes of default and prove-up hearing, Plaintiff's

24              damages for this cause of action shall be $8,000;

25      2.    For prejudgment and post-judgment interest against all Defendants according to

26              any applicable provision of law, according to proof;

27      3.    Reasonable attorney's fees and the costs of this suit against all Defendants under

28              Labor Code sections 1194, 218.5, and 29 U.S.C. §§ 216(b); and

**25**

**COMPLAINT**

1        4.      For such other and further relief as the Court deems just and proper.

2  AS TO THE ELEVENTH CAUSE OF ACTION

3        1.  For waiting time penalties provided by Labor Code section 203 against all

4           Defendants according to proof. In the event of default and for purposes of a default

5           prove-up hearing this amount shall be $10,000;

6  AS TO THE TWELFTH CAUSE OF ACTION

7        1.     For the statutory amounts against all Defendants provided by Labor Code

8  section 226(e) according to proof. In the event of default and for purposes of a default prove-up

9  hearing this statutory amounts will be capped at $4,000;

10        2.     For reasonable attorney's fees and costs of suit pursuant to Lab. Code

11  §226(e), and

12        3.     For any other and further relief that the court considers proper.

13

14     Dated:      May 14, 2020         KUCHINSKY LAW OFFICE, P.C.

15

16                                        BY_____

17                                        Alexei Kuchinsky

18                                        Attorney for Plaintiff Madhav Marasini

19

20

21

22

23

24

25

26

27

28

**26**

**COMPLAINT**

1   **VII.       DEMAND FOR JURY TRIAL**

2           Plaintiff demands a trial by jury on all issues so triable.

3

4   Dated:       May 14, 2020                    KUCHINSKY LAW OFFICE, P.C.

5

6                                                BY_____

7                                                Alexei Kuchinsky
                                                 Attorneys for Plaintiff Madhav Marasini
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JBA INVESTMENT GROUP LLC, BELLA AWDISHO, AND DOES 1
THROUGH 10.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MADHAV PRASAD MARASINI

E-FILED
5/15/2020 11:47 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV366582
Reviewed By: S. Uy
Envelope: 4342979

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*

20CV366582

Superior Court of California, County of Santa Clara
191 N 1st St. San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Alexei Kuchinsky, Kuchinsky Law Office,P.C. 220 Montgomery Street, Suite 2100 San Francisco, CA 94104

| DATE: *(Fecha)* | 5/15/2020 11:47 AM | Clerk of Court | Clerk, by *(Secretario)* | S. Uy | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* JBA INVESTMENT GROUP LLC

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Limited Liability Company - California Corporation Code 17061
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

20CV366582
Santa Clara – Civil

**ATTACHMENT CV-5012** S. Uy

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: 20CV366582

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.* You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: Kulkarni, Sunil R _____ Department: 8 _____

The 1st CMC is scheduled for: (Completed by Clerk of Court)
Date: 9/15/2020 _____ Time: 2:15pm _____ in Department: 8 _____

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
Date: _____ Time: _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# EXHIBIT B

1  RICHARD D. SCHRAMM (SBN 151696)
   ADAM S. JURATOVAC (SBN 295763)
2  EMPLOYMENT RIGHTS ATTORNEYS
   1500 E. Hamilton Ave., Ste. 118
3  Campbell, California  95008
   Tel:  (408) 796-7551
4  Fax:  (408) 796-7368

5  Attorneys for Defendants, JBA Investment
   Group LLC and Bella Awdisho
6

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                      **COUNTY OF SANTA CLARA**

10                       **UNLIMITED JURISDICTION**

11                              **-oo0oo-**

12  MADHAV PRASAD MARASINI,              )   Case No. 20CV366582
                                        )
13             Plaintiff,               )
                                        )
14       v.                             )   **DEFENDANT JBA INVESTMENT GROUP**
                                        )   **LLC AND BELLA AWDISHO'S ANSWER TO**
15  JBA INVESTMENT GROUP LLC, BELLA     )   **PLAINTIFF'S UNVERIFIED COMPLAINT**
    AWDISHO, AND DOES 1 THROUGH 10.     )
16                                      )
               Defendants.             )   Action Filed:      May 15, 2020
17                                      )   Trial Date:        TBD
                                        )
18  _____ )

19

20       Defendant JBA INVESTMENT GROUP LLC, a California Corporation ("JBA"), and Defendant

21  BELLA AWDISHO ("AWDISHO"), or collectively referred to herein as "Defendants," hereby answer

22  the unverified Complaint of Plaintiff MADHAV PRASAD MARASINI ("Plaintiff" or "MARASINI"),

23  and each and every cause of action alleged therein, as follows:

24                            **GENERAL DENIAL**

25       Pursuant to Code of Civil Procedure § 431.30, Defendants deny, generally, each and every

26  allegation contained in the unverified Complaint.  Defendants also specifically deny Plaintiff has been

27  damaged at all or in any sum whatsoever, or that Plaintiff is entitled to the relief requested, or any other

28  relief.  Defendants deny Plaintiff sustained any injury, damage, or loss, if any, by reason of any act,

---

Defendants Answer To Unverified Complaint          Case No.: 20CV366582                      PAGE 1

1   omission, or negligence on the part of Defendant, or any agent, servant or employee of Defendant.

2

3                           **AFFIRMATIVE DEFENSES**

4        Without admitting any of the conduct alleged by Plaintiff, or assuming any burden of proof,

5   Defendants assert the following affirmative defenses to the unverified Complaint, and each and every

6   cause of action contained therein.

7                         **AFFIRMATIVE DEFENSE - ONE**

8        As an affirmative defense, Defendants assert Plaintiff has failed to state a claim upon which

9   relief may be granted against these Defendants.

10                        **AFFIRMATIVE DEFENSE - TWO**

11       As an affirmative defense, Defendants assert Plaintiffs' claims for penalties under the California

12  Labor Code, including, without limitation, Labor Code § 203, are barred, because a good faith dispute

13  existed as to Defendants' obligations under any applicable Labor Code provision, and a bona fide

14  dispute existed as to whether further compensation is actually due to Plaintiff and, if so, the amount of

15  such compensation.

16                       **AFFIRMATIVE DEFENSE - THREE**

17       As an affirmative defense, Defendants assert Plaintiff's claims are barred by the applicable

18  statute of limitations.

19                        **AFFIRMATIVE DEFENSE - FOUR**

20       As an affirmative defense, Defendants assert Plaintiff was paid all compensation due and owing

21  in full, and therefore, Defendants are released from any obligation to Plaintiff.

22                        **AFFIRMATIVE DEFENSE - FIVE**

23       As an affirmative defense, Defendants assert Plaintiff has failed to demonstrate Plaintiff is a

24  qualified person, so as to be protected by the Fair Employment & Housing Act.

25                        **AFFIRMATIVE DEFENSE - SIX**

26       As an affirmative defense, Defendants assert Plaintiff is estopped in whole or in part from

27  asserting the claimed alleged.

28  //

Defendants Answer To Unverified Complaint          Case No.: 20CV366582                    PAGE 2

1

### AFFIRMATIVE DEFENSE - SEVEN

2     As an affirmative defense, Defendants assert Plaintiff's claims are barred in whole or in part by

3     the doctrine of waiver.

4

### AFFIRMATIVE DEFENSE - EIGHT

5     As an affirmative defense, Defendants assert Plaintiff's claims regarding the "alter ego"

6     operation of the LLC are factually inaccurate and fail to provide a cause of action based on this theory.

7

### AFFIRMATIVE DEFENSE - NINE

8     As an affirmative defense, Defendants at all times relevant to Plaintiff's claims, acted in

9     conformity with applicable law, regulation, and policy.

10

### AFFIRMATIVE DEFENSE - TEN

11    As an affirmative defense, Defendants assert Plaintiff's claims are barred by the doctrine of

12    unclean hands.

13

### AFFIRMATIVE DEFENSE - ELEVEN

14    As an affirmative defense, Defendants assert a third party other than Defendants may be liable for

15    any damages to Plaintiff, either by contract, by law, or by indemnity provisions.

16

### AFFIRMATIVE DEFENSE - TWELVE

17    As an affirmative defense, Defendants assert Plaintiff's claims are barred because Defendants

18    acted reasonably and in good faith at all times based on all relevant facts and circumstances known by it.

19

### AFFIRMATIVE DEFENSE - THIRTEEN

20    As an affirmative defense, Defendants assert Plaintiff's claims are barred because Plaintiff's

21    Complaint fails to state facts sufficient to support a claim for general, compensatory, special and/or

22    economic damages.

23

### AFFIRMATIVE DEFENSE - FOURTEEN

24    As an affirmative defense, Defendants assert that if Plaintiff did suffer or sustain any loss,

25    damage, or injury, some other party was the cause of any such loss, damage, or injury, and Plaintiff has

26    failed to join an indispensable party whose absence either deprives the court of determining complete

27    relief among the existing parties, or as a practical matter impairs or impedes a person's interests.

28    //

1                              **AFFIRMATIVE DEFENSE - FIFTEEN**

2       As an affirmative defense, Defendants assert Plaintiff's claims as pleaded, are uncertain.

3                              **AFFIRMATIVE DEFENSE - SIXTEEN**

4       As an affirmative defense, Defendants assert Plaintiff failed to state facts sufficient to support an

5 award of attorneys' fees and costs against Defendants.

6                           **AFFIRMATIVE DEFENSE - SEVENTEEN**

7       As an affirmative defense, Defendants are informed and believe that further investigation and

8 discovery will reveal, and on that basis allege, that any monies owed to Plaintiff has been paid in full and

9 any obligations they may have owed to Plaintiffs have been paid or otherwise satisfied in full.

10                          **AFFIRMATIVE DEFENSE - EIGHTEEN**

11       As an affirmative defense, Defendants are entitled to a set-off for any benefits, awards or

12 judgments Plaintiff receives or has received from workers' compensation, unemployment insurance

13 compensation, and/or from any of Defendants' benefit plans, or from other employers, or governmental

14 benefits for injuries or damages alleged, against any award of damages to Plaintiff in this action.

15                         **AFFIRMATIVE DEFENSE - NINETEEN**

16       As an affirmative defense, Defendants performed all legal obligations owed to Plaintiff, and

17 exercised ordinary case, caution, prudence, and good faith to avoid any alleged loss to Plaintiff.

18                           **AFFIRMATIVE DEFENSE - TWENTY**

19       As an affirmative defense, Defendants paid all wages to Plaintiff except for those caused by

20 Plaintiff's own actions in concealing his hours worked, so that the "concealed hours" doctrine bars

21 Plaintiff's recovery for such unknown and/or unrecorded hours.

22                      **AFFIRMATIVE DEFENSE - TWENTY ONE**

23       As an affirmative defense, Defendants were entitled to an overtime exemption with respect to

24 any of Plaintiff's overtime hours, and Plaintiff himself caused his work functions to be performed in

25 such a way as to void the application of that exemption.

26                    **AFFIRMATIVE DEFENSE - TWENTY TWO**

27       As an affirmative defense, Defendants assert Plaintiff's claims are frivolous, unreasonable,

28 and/or without foundation so that Defendants may recover their costs and fees incurred in this action.

1

## AFFIRMATIVE DEFENSE - TWENTY THREE

2       As an affirmative defense, Defendants assert the punitive damages Plaintiff requests in this

3   matter are unconstitutional and/or deny Defendants due process and/or are barred by various doctrines.

4

5                                    **PRAYER**

6       WHEREFORE, Defendants pray for judgment as follows:

7       1.      That the Complaint be dismissed with prejudice;

8       2.      That Plaintiff take nothing by way of the Complaint;

9       3.      That the Court enter judgment in favor of Defendants;

10      4.      That the Court award Defendants its respective costs and expenses; and

11      5.      That the Court award such further relief as it deems just and proper.

12

13  Respectfully,

14

15  Dated: June 25, 2020                              /s/
                                        RICHARD D. SCHRAMM, Esq.
16                                      ADAM S. JURATOVAC, Esq.
                                        EMPLOYMENT RIGHTS ATTORNEYS
17                                      Attorneys for Defendants,
                                        JBA Investment Group LLC and Bella Awdisho
18

19

20

21

22

23

24

25

26

27

28

1  RICHARD D. SCHRAMM (SBN 151696)
   ADAM S. JURATOVAC (SBN 295763)
2  EMPLOYMENT RIGHTS ATTORNEYS
   1500 E. Hamilton Ave., Ste. 118
3  Campbell, California 95008
   Tel:  (408) 796-7551
4  Fax:  (408) 796-7368

5  Attorneys for Defendants, JBA Investment
   Group LLC and Bella Awdisho
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10                    UNLIMITED JURISDICTION

11                           -oo0oo-

12  C MADHAV PRASAD MARASINI,        )  **Case No.** 20CV366582
                                     )
13           Plaintiff,              )
                                     )
14        v.                         )
                                     )
15  JBA INVESTMENT GROUP LLC, BELLA  )
    AWDISHO, AND DOES 1 THROUGH 10.  )  **PROOF OF SERVICE**
16                                   )
          Defendants.               )
17                                   )
                                     )
18  _____  )
                                     )
19                                   )
                                     )
20

21

22

23

24

25

26

27

28

---
Proof of Service                Case No.  20CV366582

1

## PROOF OF SERVICE

2        I am a citizen of the United States and a resident of Santa Clara County.  I am over the age of 18

3   years and not a party to the within cause of action.  My business address is 1500 E. Hamilton Avenue,

4   Suite 118, Campbell, CA 95008.  June 24, 2020, I served a copy of the document described as:

5        1.   **Defendants' JBA Investments Group LLC and Bella Awdisho's Answer To**
             **Plaintiff's Unverified Complaint**
6
        The above-described documents were served on the following:
7
    Alexei Kuchinsky.
8
    ak@kuchinskylawoffice.com
9
    Kuchinsky Law Office, P.C.
10  220 Montgomery Street, Suite 2100
    San Francisco, CA 94104
11
    *Attorneys for Plaintiff, Madhav Prasad Marasini*
12
    [ ]   **(By Mail)**  I caused such envelope(s) with postage fully prepaid to be placed in the U.S. Mail at
13        San Jose, CA.

14  [ X ]   **[By Electronic Mail]** I caused an electronic mail copy of said document(s) to be transmitted to
             the recipient's previously designated electronic mail address.
15
    [ ]   **(By Certified Mail)**  I caused such envelope(s) with postage  fully prepaid, return receipt
16        requested, to be placed in the United States Mail at San Jose, CA.

17  [ ]   **(By Overnight Courier)** I caused such envelope(s) to be picked up for guaranteed next day
          delivery by _____.
18
    [ ]   **(By Hand/Personal Service)**  I personally served such document(s) by hand to the person(s) at
19        the address herein above named.

20  [ ]   **(By Facsimile)**  I caused said document to be sent to the Fax Machine number indicated above,
          by Fax Machine No. (408) 295-5008 which machine complies with Rule 2003(3) of the
21        California Rules of Court and no error was reported by the machine.  Pursuant to Rule 2005(I) I
          caused the machine to print a transmission record, a copy of which is maintained in our office.
22

23        I declare under penalty of perjury under the laws of the State of California that the foregoing is

24  true and correct and that this declaration was executed on June 25, 2020.

25

26                                              ADAM S. JURATOVAC

27

28

Proof of Service                  Case No.  20CV366582                           Page 1