1  Alexei Kuchinsky   State Bar No. 279405
2  KUCHINSKY LAW OFFICE, P.C.
   220 Montgomery Street, Suite 2100
3  San Francisco, CA 94104
   Tel.:      (628) 200-0902
4  Fax.:     (628) 200-0907
   Email:    ak@kuchinskylawoffice.com
5
6  Attorney for Plaintiff Madhav Prasad Marasini

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11

12  MADHAV PRASAD MARASINI,               CASE NO.: 5:20-CV-04235-NC

13                    PLAINTIFF,           **FIRST AMENDED COMPLAINT**

14

15                    VS.                   Transfer Date: June 25, 2020
                                            FAC filed:      December 29, 2020
16  JBA INVESTMENT GROUP LLC, BELLA         Trial Date:     October 18, 2021
    AWDISHO, AND DOES 1 THROUGH 10.
17                                          *Demand for Jury Trial*
                      DEFENDANTS.
18

19

20

21          Plaintiff Madhav Prasad Marasini brings this action against Defendants Bella Awdisho,

22  JBA Investment Group LLC (doing business as "Silicon Valley Corporate Catering" or "SVCC

23  Catering"), and Does 1 through 10, and alleges the following:

24       **I.       INTRODUCTION**

25          This action is brought by Plaintiff Madhav Prasad Marasini ("Plaintiff" or "Marasini")

26  against his former employers Defendants Bella Awdisho, JBA Investment Group LLC, and Does

27  1-10 for disability discrimination in violation of California's Fair Employment and Housing Act

28  (FEHA). Plaintiff also seeks to recover unpaid overtime wages caused by Defendants' exempt

---

**1**

**FIRST AMENDED COMPLAINT**

misclassification.

**II.      PARTIES**

**A.  Plaintiff**

1.   Plaintiff Madhav Prasad Marasini ("Plaintiff" or "Marasini") was, at all times mentioned herein, a natural individual, residing in the County of Santa Clara, State of California. At all relevant times herein, Defendants employed Plaintiff in the County of Santa Clara, State of California.

2.   At all times pertinent, Plaintiff was an "employee," as defined by California Government Code Section 12926, part of the California Fair Employment and Housing Act, Government Code Sections 12900 *et. seq.* ("FEHA").

**B.  Defendants**

***1.  Limited Liability Company Defendant***

3.   Defendant JBA Investment Group LLC, has been doing business in the State of California. Defendant JBA Investment Group LLC is a California Corporation registered with the California Secretary of State to do business in California as a Corporation under the same (Entity No. 201910510212) and doing business in the state of California with its principal place of business in Mountain View, State of California.

4.   At all times pertinent, Defendant JBA Investment Group LLC, and Does 1 through 10 were an "employer," as defined by California Government Code Section 12926, part of the FEHA. At all times pertinent, Defendants JBA Investment Group LLC, and Does 1 through 10 employed more than five employees in California, which is within the meaning of the California Government Code section 12926.

***2.  Individual Defendant***

5.   Plaintiff is informed and believes and thereon alleges that Defendant Bella Awdisho is, and at all times mentioned herein, an individual doing business in the state of California with its principal place of business in the County of Santa Clara, State of California.

**6.**   Plaintiff is informed and believes and upon that alleges that at all times relevant, individual Defendant Bella Awdisho and Does 1 – 10 were persons acting on behalf of JBA Investment

**FIRST AMENDED COMPLAINT**

1   Group LLC, Inc and she violated, or caused to be violated, various provisions of the California
2   Labor Code ("Labor Code"), including, but not limited, to Part 2, Chapter 1 of the Labor Code,
3   which regulates hours and days of work in the applicable order of the Industrial Welfare
4   Commission. Defendant Awdisho also violated Wage Order No. 5, Sections, regulating hours and
5   days of work. Therefore, under Labor Code sections 558 and 558.1, Defendant Awdisho is
6   personally liable for all alleged violations.

7   ### 3. Doe Defendants

8   7.   The true names and capacities of Defendants Does 1 through 10, inclusive, are currently
9   unknown to Plaintiff, whom, therefore, Plaintiff sues by their fictitious names. Plaintiff is
10  informed and believes and thereon alleges that each of those Defendants was in some manner
11  responsible for the events and happenings alleged in this complaint and for Plaintiff's injuries and
12  damages.

13  ### C. Alter Ego Relationship

14  8.   On information and belief, Plaintiff alleges that at all relevant times, individual Defendant
15  Bella Awdisho and Does 1 through 10 were and are owners, managers and/or directors of each
16  other, and have such unity of interest among each other, that they have in fact dominated and
17  controlled the operation of JBA Investment Group LLC, did, among other things:

18          a.  Commingled funds and other assets between corporate funds with their
19              funds and assets for their own convenience and to assist in evading the
20              payment of obligations;
21          b.  Diverted funds and other assets from JBA Investment Group LLC, to other
22              than corporate uses;
23          c.  Treated JBA Investment Group LLC's assets as their own;
24          d.  Failed to obtain authority to issue membership certificates;
25          e.  Failed to maintain minutes or adequate corporate records;
26          f.  Failed to adequately capitalize or provide any assets to Defendant JBA
27              Investment Group LLC;
28          g.  Diverted assets from JBA Investment Group LLC, to themselves to the

**FIRST AMENDED COMPLAINT**

detriment of creditors, including Plaintiff; and

h. Used Defendant JBA Investment Group LLC., as a "facade" for their personal dealings.

9. As a result of this conduct, Defendants JBA Investment Group LLC, Bella Awdisho, and Does 1-10 are directly liable to Plaintiff for the conduct of each other in carrying out the obligations to Plaintiff as his employers and are the alter egos of each other. Recognition of the privilege of separate existence would promote injustice because Defendants JBA Investment Group LLC, Bella Awdisho, and Does 1-10 have profited from the deprivation of the rights of Plaintiff.

10. Plaintiff is informed and believes and thereon alleges that each of the Defendants, including the Doe Defendants, acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiff as alleged herein. At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendant and was acting within the course and scope of such agency or employment.

11. Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant authorized and ratified, aided and abetted, and acted in concert with and/or conspired with each and every other defendant to commit the acts and to engage in the unlawful practices alleged in this complaint.

12. Unless otherwise stated, Defendants Bella Awdisho, JBA Investment Group LLC, and Does 1 through 10 are hereinafter referred to as Defendants.

13. Based on information and belief, Plaintiff alleges that during the relevant employment period, as defined below, Defendants employed Plaintiff. Defendants were joint employers of Plaintiff because they exercised control over the wages, hours, or working conditions of Plaintiff. Based on information and belief, Plaintiff alleges that Defendants jointly engaged, suffered, or permitted Plaintiff to work under working conditions described herein. Based on information and belief, Plaintiff alleges that during the relevant employment period, Defendants jointly had control or the right to control Plaintiff both as to the work done and the manner and means in which

**FIRST AMENDED COMPLAINT**

1    Plaintiff's work was performed.

2    **III.      EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3    14. In accordance with the appropriate regulations, codes, and statutes, including but not

4    limited to the Government Code, Plaintiff has exhausted his administrative remedies by filing

5    timely complaints with the California Department of Fair Employment and Housing ("DFEH").

6    Plaintiff received the "right to sue" letter as to all Defendants. Plaintiff has exhausted all required

7    administrative remedies.

8    15. All of the acts alleged herein were in the nature of a continuing violation and/or continuing

9    torts. All of the misconduct alleged herein was part of the same continuous pattern of

10   discrimination and harassing practices, and at least some of the misconduct occurred within one

11   year of the date PLAINTIFF filed his claims with the DFEH.

12   **IV.      GENERAL ALLEGATIONS**

13   **A.  General Facts**

14   16. Defendants own, operate, and manage a catering company under the fictitious business

15   name "SVCC Catering."

16   17. From September 2, 2019 to January 14, 2020 ("Employment Period"), Defendants

17   employed Plaintiff as a cook at SVCC Catering in Mountain View, California. Plaintiff's

18   responsibilities, included preparing food, cooking, washing dishes, cleaning bathrooms, and other

19   kitchen related duties. Marasini was required to report to the owner, Bella Awdisho, and from

20   November 2019, to Head Chef Sardakher Sapkota.

21   18. Plaintiff was misclassified as an exempt employee and at the time of his termination, he

22   was paid an annual income of $85,000.

23   **B.  Facts Relevant to Disability Discrimination**

24   19.  Plaintiff is a person with a disability or perceived disability and is a member of a protected

25   class under the Fair Employment and Housing Act ("FEHA") Cal. Govt. Code §12940, *et. seq.*

26   During the relevant employment period, Plaintiff was suffering from a condition which

27   substantially restricted Plaintiff's ability to pursue major life activities. During the Employment

28   Period, Plaintiff made Defendants aware of his medical condition.

**FIRST AMENDED COMPLAINT**

20. On December 20, 2019, while performing his work duties, Plaintiff Marasini fell and injured his ribs. Specifically, around 3:30 a.m., while carrying a heavy pot, Marasini tried to maneuver his way through a clustered work area. He accidently hit the pot on the wall and, upon rebound, the pot hit Marasini in the upper right side below his chest. As a result, Marasini fell on the floor. Plaintiff's co-worker, Armando Ramirez, witnessed this incident.

21. Plaintiff immediately notified Head Chef Sapkota about the incident.. Plaintiff also explained to Head Chef Sapkota that he had chest pain and wanted to go the hospital. Head Chef Sapkota was skeptical about Plaintiff's injury and made fun of his pain. He asked Plaintiff to show a video of the incident and refused to believe that Plaintiff was in pain. He said in an unprofessional manner: "Why are you crying? Do you have a video to prove it?"

22. Head Chef Sapkota convinced Marasini not to go to the hospital by giving Marasini misleading information, which he knew was false.  Head Chef Sapkota lied to Marasini that his work-related injuries was not covered by worker's compensation insurance. He did not explain to Marasini that medical expenses would be paid by the company's worker's compensation fund. He did not offer Marasini to fill out a worker's compensation report. Had Marasini known that the doctor's visit would be covered by worker's compensation insurance, Marasini would have seen a doctor that same day. On December 20, 2020 Marasini worked a full day.

23. Given Head Chef Sapkota's lack of understanding and animosity and fearing of losing his job, Plaintiff continued to report to work as scheduled until December 26, 2019, when his pain became unbearable.

24. On or about December 27, 2020, Plaintiff went to the Emergency Room at El Camino Health at 2500 Grant Road, Mountain View, CA 94040. Suspecting a rib fracture, the Emergency Room Doctor referred Marasini to take an x-ray. The x-ray showed no fracture, but Marasini was diagnosed with "contusion of right front wall of thorax," as a result of the injury at work. Marasini was relieved from work until December 30, 2019 and prescribed ibuprofen. Marasini was advised to come back for a follow-up visit if his pain got worse.

25. From December 27, 2019 to January 3, 2020, Marasini continued to experience pain. The pain was made worse when laying down and exerting strength while lifting heavy items. Marasini

**FIRST AMENDED COMPLAINT**

continued to rest at home and on January 3, 2020, he went to see the doctor again. Marasini's medical leave was extend to January 6, 2020 and he continued to take pain and anti-inflammatory medications prescribed by the doctor. From December 27 to January 6, 2020, Marasini regularly informed Head Chef Sapkota about his medical leave and his intention to return to work upon a recovery.

26. Upon returning to work from his 10-day medical leave, on or about January 7, 2020, Marasini noticed that Head Chef Sapkota's attitude towards him became even more hostile. For example, he questioned Marasini's cooking skills and food quality. He regularly expressed dissatisfaction about Marasini's slow work pace. Though Marasini was released to work without any restrictions, he still suffered chest pains. He felt pain while carrying big pots, and as a result, he worked at a slower pace compared to his pre-injury speed.

27. On January 14, 2020, when Plaintiff came to work, as scheduled, Defendant informed him that he was terminated due to a lack of work.

28. During the short period of his employment with Defendants, Plaintiff was a dedicated, hardworking employee. He demonstrated a strong work ethic evidenced by his extremely long work hours. Plaintiff was held in high regard by his co-workers and was praised by Defendant Bella Awdisho as "… amazing part of [the company's] success."

### C.  Facts Relevant to Labor Code Violations.

29. In August 2019, Defendants offered Marasini a position of Chef at the catering facility, "Silicon Valley Corporate Catering" ("SVCC Catering"), located at 1390 Pear Avenue, Mountain View, California. He was offered an annual salary of $85,000. A few days after he started his employment, he realized that he was nothing more than a glorified cook, working extremely long hours.

30. Marasini's employment period was relatively short:  September 2, 2019 through January 14, 2020. He was responsible for preparing Indian cuisine items. He was a full-time employee, working Monday through Friday. Every other week, he worked on Saturdays. His work hours varied depending on Defendants' business needs. He normally started his shift at either 2:00 a.m. or 4:00 a.m. and continued to work until 4:00p.m. to 6:00 p.m. During the busy holiday season in

**FIRST AMENDED COMPLAINT**

December, he worked as late as 7:00-9:00 p.m. Marasini's typical workday can be described as follows:

    a)  2:00 a.m. to 2:45:am – opening side-work. During this period, Marasini would prepare his workstation, bring out equipment, prepare catering hot boxes, set-up garbage bins, and clean his workstation.

    b)  2:45 a.m. to 10:00/10:30 a.m. – cooking lunch items for four separate deliveries. (i.e. 6:30 a.m.; 7:30 a.m.; 8:30 a.m. and 10:00 a.m.) During this time, together with his co-worker Armando Ramirez, Marasini prepared hot food items in bulk (65-75 large pans), including marinating and preparing meats and vegetables, making sauces, and curry.

    c)  10:00 a.m. to 3:00p.m./5:00p.m. – next-day preparation. During this period, Marasini prepared ingredients for the next day, cutting vegetables and meats. 2-3 times per week, he cooked hot items for the evening deliveries (5-6 pans).

    d)  3:00pm/5:00 p.m. – 4:00p.m./6:00 p.m. – closing time. During this time, Marasini cleaned his work area, washed dishes, broke down equipment and catering hot boxes, took garbage out, cleaned bathrooms, and placed orders with food vendors via phone.

31. Prior to November 16, 2020, Marasini did not have an opportunity to take meal and rest breaks until morning deliveries were completed. Around 10:00 a.m., Marasini would take a short 10-20-minute break. After Head Chef Sapkota joined, Marasini was occasionally authorized to take much longer breaks, often up to 2 hours in the middle of his shift.

32. With the few minor exceptions, Plaintiff was not responsible for or involved in the management of the enterprise in which he or she is employed or of a customarily recognized department or subdivision thereof. Plaintiff did not customarily and regularly direct the work of two or more of Defendants' other employees. Plaintiff had no authority to hire or fire other employees or make suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees. Plaintiff did not customarily and regularly exercise discretion and independent judgment.

33. More than 98% of Plaintiff's job duties included preparing food, cooking, washing dishes, and cleaning bathrooms. The only independent judgment Marasini exercised was his involvement

in designing a catering menu at the beginning of his employment period which does not relate to managerial duties.

34. Furthermore, Marasini was required to report to Head Chef Sapkota and was not authorized to leave his job site without permission. For example, on the day of the incident on December 20, 2019, Sapkota authorized Marasini a 1-hour break.  A bona fide manager does not need to seek permission to have a break or to leave work earlier.

35. Defendants improperly classified Plaintiff as an exempt employee and denied Plaintiff certain benefits and protections of California Labor Code including overtime, 30-minute meal breaks, 10-minute rest breaks, and itemized wage statements. Defendants knowingly and willingly misclassified Plaintiff as an exempt employee in order to avoid paying to Plaintiff overtime and premiums for missed meal and rest breaks. Defendants knew that realistically Marasini spent more than 98% of his work hours preparing and cooking food.

36. During the Employment Period, Plaintiff was a nonexempt employee entitled to the protections of California Labor Code, the applicable Industrial Welfare Commission Order, California Code of Regulations, Title 8, section 11050.

37. Plaintiff worked more than forty (40) hours in a workweek and/or more than eight (8) hours in a workday ("overtime"). Defendants have had actual or constructive knowledge that Plaintiff had been working overtime. Defendants failed to pay Plaintiff the overtime wages required under California law for overtime work by non-exempt employees – i.e., at least one and one half times the employee's regular rate for all overtime work.

38. Defendants failed to pay Plaintiff the overtime wages required under California law for hours in excess of 12 hours per workday – i.e., at least double of the employee's regular rate.

39. Plaintiff regularly worked more than 5 hours per workday. Plaintiff was not able and was not allowed to take an uninterrupted 30-minute meal break for each 5 hours worked.

40. Plaintiff regularly worked more than 4 hours per workday. Plaintiff was not able and was not allowed to take an uninterrupted 10-minute rest break.

41. During the Employment Period, Defendants did not keep records of Plaintiff's meal breaks or work hours.

42. During the Employment Period, Defendants failed to provide Plaintiff with accurate itemized wage statement showing all his hours and premiums for missed meal and rest breaks.

**FIRST CAUSE OF ACTION**

**Discrimination in Violation of FEHA- Disability**

**[Gov. Code §§ 12926(j), 12940(a), 12941, 12945; 2 Cal. Code Regs. § 7285]**

**(Against Defendant JBA Investment Group LLC and Does 1-5)**

43. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

44. Jurisdiction in this case is invoked pursuant to Govt. Code §§ 12900, 12921, 12926, 12940, and 12965 (collectively referred to as "FEHA"). Defendants are not exempted from the statutes cited in this paragraph by any local, state, or federal laws.

45. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), California Government Code sections 12940 *et. seq.*, was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by the statute, in particular section 12940, prohibiting discrimination in employment based on physical disability and prohibiting discrimination based on Plaintiff being regarded as physically disabled.

46. At all times pertinent, Plaintiff was a person defined as disabled under applicable law. Plaintiff suffers from a condition, a disease, disorder, condition, that (a) affected one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin and endocrine; and (b) limits an individual's ability to participate in major life activities. Govt. Code § 12926(k)(l).

47. Specifically, during the relevant period from December 20, 2019 to January 14, 2020, Marasini suffered from pain caused by a rib injury which limited his ability to work and sleep. For example, Marasini's medical records show that he was diagnosed with "contusion of right front wall of thorax," as a result of the injury at work. Because the rib injury and resulting pain limited Marasini's ability to lift and carry heavy items, Marasini could not perform his job duties at a 100% pre-injury capacity. Notably, at work, he was required to carry many heavy pots in which

**FIRST AMENDED COMPLAINT**

the food was prepared (65-75 pots per day).  Marasini could not do his job without experiencing pain. Marasini took pain and anti-inflammatory medications prescribed by the doctor. Marasini could not come back to work unless he took time to rest and heal his ribs. Defendants new about this. Also, Marasini's rib condition made it difficult for him to lay down and sleep, as confirmed by the doctor. Sleeping is a major life activity

48. In perpetrating the above-described actions, Defendants JBA Investment Group LLC and Does 1-5 engaged in a pattern and practice of unlawful discrimination in violation of Govt. Code § 12940(h), and Govt. Code §§ 12920; 12921(a); 12940(a)-(d); 12926(m); 12926(q). At all relevant times herein, and in violation of Cal. Gov. Code § 12940(h), Defendants JBA Investment Group LLC and Does 1-5 discriminated against Plaintiff by adversely affecting Plaintiff's employment on the basis of disability, and/or Plaintiff's protected status.

49. Defendants JBA Investment Group LLC and Does 1-5 knew Plaintiff had an injured rib, a physical disability that limited his ability to work.

50. Plaintiff was able to perform the essential job duties with reasonable accommodations for his condition.

51. Defendants JBA Investment Group LLC and Does 1-5 failed to reasonably accommodate Plaintiff's physical disability and instead terminated his employment because Plaintiff had *an* injured rib. Defendants JBA Investment Group LLC and Does 1-5 terminated Plaintiff a few days after Plaintiff came back from a medical leave of absence, a reasonable accommodation. In further violation of Plaintiff's rights, Defendants JBA Investment Group LLC and Does 1-5 failed to engage in good faith, in an interactive process with Plaintiff when Plaintiff requested to see a doctor when he injured himself at work on December 20, 2019. Instead, Defendant JBA Investment Group LLC and Does 1-5 terminated Plaintiff based on his disability and/or his need for a reasonable accommodation.

52. As a direct result of such discrimination, Plaintiff was harmed. Defendants JBA Investment Group LLC and Does 1-5's adverse employment actions against Plaintiff were a substantial factor in causing Plaintiff's harm.

53. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will

continue to suffer, economic loss, including lost earnings, lost earning capacity, lost profits, medical expenses, physical pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

54. The conduct of Defendants JBA Investment Group LLC and Does 1-5 as alleged herein was malicious, fraudulent, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the harmful consequences of Defendants' actions. Defendants JBA Investment Group LLC and Does 1-5 acted maliciously, with intent to cause injury to Plaintiff. Defendants' conduct was despicable (would be looked down on and despised by reasonable people) and was done with a willful and knowing disregard of the rights or safety of Plaintiff. Defendants JBA Investment Group LLC and Does 1-5 were aware of the probable dangerous consequences of their conduct, and deliberately failed to avoid those consequences. Defendants JBA Investment Group LLC and Does 1-5 acted oppressively, in that their conduct was despicable, and subjected Plaintiff to cruel and unjust hardship in knowing disregard of his rights. Each Defendant authorized, condoned, and ratified the unlawful conduct of each other Defendant. Consequently, Plaintiff is entitled to punitive damages against each and every Defendant pursuant to California Civil Code Section 3294.

55. WHEREFORE, Plaintiff prays for judgment against Defendants JBA Investment Group LLC and Does 1-5 as set forth below.

**SECOND CAUSE OF ACTION**

**Failure to Make Reasonable Accommodation**

**[Cal. Gov. Code §§ 12940(m)]**

**(Against Defendant JBA Investment Group LLC and Does 1-5)**

56. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

57. At all times herein mentioned, California's Fair Employment and Housing Act ("FEHA"), Cal. Government Code § 12940 *et seq.*, was in full force and effect and fully binding upon Defendants. Plaintiff was a member of a group protected by that statute, in particular section

**FIRST AMENDED COMPLAINT**

1    12940(m), because he had a known physical disability.

2        58. Defendants JBA Investment Group LLC and Does 1-5 violated Government Code §

3    12940(m) because Defendants JBA Investment Group LLC and Does 1-5 failed to make a

4    reasonable accommodation for Plaintiff's need to take an interim medical leave from work to fully

5    recover from his rib injury; or when Plaintiff requested to leave earlier to see a doctor on the day

6    he fell at work. For example, Head Chef Sapkota, who was a supervisory employee of Defendants,

7    convinced Marasini not to go to the hospital by giving Marasini misleading information, which he

8    knew was false.   Head Chef Sapkota lied to Marasini that his work-related injuries was not

9    covered by worker's compensation insurance. He did not explain to Marasini that medical

10   expenses would be paid by the company's worker's compensation fund. He did not offer Marasini

11   to fill out a worker's compensation report. Had Marasini known that the doctor's visit would be

12   covered by worker's compensation insurance, Marasini would have seen a doctor that same day.

13   On December 20, 2020 Marasini worked a full day.

14       59. As a direct, foreseeable and proximate result of Defendants JBA Investment Group LLC

15   and Does 1-5's unlawful actions, Plaintiff has suffered and continues to suffer substantial losses in

16   earnings and other employment benefits and has incurred other economic losses.

17       60. As a direct, foreseeable, and proximate result of Defendants JBA Investment Group LLC

18   and Does 1-5's unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and

19   embarrassment, all to the Plaintiff's damage in an amount to be proven at the time of trial.

20       61. Defendants JBA Investment Group LLC and Does 1-5 committed the acts herein

21   despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring

22   Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of

23   Plaintiff's rights to be free from discrimination on the basis of disability. Plaintiff is thus entitled

24   to recover punitive damages from Defendants in an amount according to proof.

25       62. WHEREFORE, Plaintiff prays for judgment against Defendants JBA Investment Group

26   LLC and Does 1-5 as set forth below.

27

28

**FIRST AMENDED COMPLAINT**

**THIRD CAUSE OF ACTION**

**Failure to Engage in an Interactive Process**

**[Govt. Code § 12940(n)]**

**(Against Defendant JBA Investment Group LLC and Does 1-5)**

63. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

64. Under the FEHA, it is an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with an employee who has a disability to determine effective reasonable accommodations in response to a request for reasonable accommodation. Cal. Gov't Code § 12940(n).

65. Defendants JBA Investment Group LLC and Does 1-5 failed to engage in a timely, good faith, interactive process with Plaintiff when Plaintiff requested to requested to leave earlier to see a doctor on the day he fell at work. For example, Head Chef Sapkota convinced Marasini not to go to the hospital by giving Marasini misleading information, which he knew was false.  Head Chef Sapkota lied to Marasini that his work-related injuries was not covered by worker's compensation insurance. He did not explain to Marasini that medical expenses would be paid by the company's worker's compensation fund. He did not offer Marasini to fill out a worker's compensation report. Had Marasini known that the doctor's visit would be covered by worker's compensation insurance, Marasini would have seen a doctor that same day.

66. Defendants JBA Investment Group LLC and Does 1-5's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard of Plaintiff's right to a good faith, interactive process under the FEHA.

67. As a direct and proximate result of these unlawful acts, Plaintiff has suffered and continues to suffer lost wages, employment benefits, pension benefits, and other compensation, in an amount to be proven at trial.

68. As a further real proximate of these unlawful acts, Plaintiff has suffered and continues to suffer injury, including emotional injury.

69. Plaintiff is entitled to compensatory damages, lost wages and benefits, declaratory and

**FIRST AMENDED COMPLAINT**

injunctive relief, attorneys' fees and costs, and other appropriate relief as determined by this court. As a direct and proximate result of Defendants JBA Investment Group LLC and Does 1-5's actions, Plaintiff has incurred, and will continue to incur loss of compensation, benefits, earning capacity, wages, opportunities for employment and advancement, and work experience, all to his damage in an amount according to proof.

70.  Plaintiff is informed and believes and thereon alleges that the conduct of Defendants JBA Investment Group LLC and Does 1-5 were grossly intentional, negligently reckless, willful, wanton, malicious, oppressive and/or unmindful of obligations to Plaintiff so as to warrant the imposition of punitive damages in an amount sufficient to punish, penalize or deter, for which these Defendants are all liable to Plaintiff.

71. WHEREFORE, Plaintiff prays for judgment against Defendants JBA Investment Group LLC and Does 1-5 as set forth below.

## FOURTH CAUSE OF ACTION

### Retaliation in Violation of FEHA

### [Govt. Code § 12940(h)(m)(2)]

### (Against Defendant JBA Investment Group LLC and Does 1-5)

72. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

73. Jurisdiction in this case is invoked pursuant to Govt. Code §§ 12900, 12921, 12926, 12940, and 12965. Defendants JBA Investment Group LLC and Does 1-5 are not exempted from the statutes cited in this paragraph by any local, state, or federal laws.

74. At all times herein mentioned, California Government Code § 12940, *et seq.*, was in full force and effect and was binding upon Defendants JBA Investment Group LLC and Does 1-5. Defendants JBA Investment Group LLC and Does 1-5 were required to refrain from retaliating against a person who opposes discrimination forbidden by the FEHA, including Plaintiff's right to request a reasonable accommodation under the Act. Cal. Gov't Code §§ 12940(h), (m)(2).

75. In December 2019, Marasini was a member of a protected class withing the meaning of the FEHA, because he had temporary disability, which limited his life and work activities. He

**FIRST AMENDED COMPLAINT**

requested a 10-day medical leave as an accommodation to recover from a work-related injury. Marasini's injury and 10-day leave were highly inconvenient to Defendants as SVCC experienced a staff shortage during the busy holiday season in December 2019. However, six days after he returned from leave, Defendants unfairly punished Marasini by terminating him in retaliation for taking medical leave.

76. At all times during Plaintiff's employment with Defendants JBA Investment Group LLC and Does 1-5, Plaintiff performed his duties in a satisfactory fashion as hereto set forth.

77. Because of Plaintiff's disability, Defendants JBA Investment Group LLC and Does 1-5 retaliated against Plaintiff by, among other things and without limitation:

    a)  Failing to take appropriate and sufficient correct action to stop the discrimination in employment or prevent any similar misconduct from occurring in the future;

    b)  Subjecting Plaintiff to adverse working conditions;

    c)  Refusing to accommodate Plaintiff's disability;

    d)  Refusing to engage in the interactive process to accommodate Plaintiff's disabilities; and

    e)  Terminating Plaintiff's employment with false and discriminatory reasons.

78. Plaintiff is informed and believes that in addition to the practices enumerated in this Cause of Action, Defendants JBA Investment Group LLC and Does 1-5 have engaged in other retaliatory practices which are not fully known by Plaintiff. The above enumerated acts of retaliation are not meant to be exhaustive, but merely exemplary of the kinds of acts of retaliation against Plaintiff.

79. Defendants, by refusing to take action to abate the offensive and continuing discriminatory and/or harassing conduct of each of the other Defendants, acted and/or failed to act and/or attempted to act in such a way as to aid, abet, incite, compel and/or coerce each of the other Defendants in doing such acts prohibited by the FEHA, as alleged above.

80. The aforementioned conduct of Defendants JBA Investment Group LLC and Does 1-5 constitutes a continuing violation of Plaintiff's rights from the first act to the latest action.

81. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort,

**FIRST AMENDED COMPLAINT**

1   all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this court, the

2   precise amount to be proven at trial.

3       82. As a direct and proximate result of Defendants JBA Investment Group LLC and Does 1-

4   5's unlawful actions as described above, Plaintiff has incurred, and will continue to incur medical

5   expenses, loss of deferred compensation, loss of equity, benefits, earning capacity, wages,

6   opportunities for employment and advancement, and work experience, all to his damage in an

7   amount according to proof.

8       83. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants JBA

9   Investment Group LLC and Does 1-5 was grossly intentional, negligently reckless, willful,

10  wanton, malicious, oppressive and/or unmindful of obligations to Plaintiff and/or exhibits that

11  entire want of care which would rise to the presumption of conscious indifference to the

12  consequences so as to warrant the imposition of punitive damages in an amount sufficient to

13  punish, penalize or deter Defendants, for which Defendants are all liable to Plaintiff.

14      84. WHEREFORE, Plaintiff prays for judgment against Defendants JBA Investment Group

15  LLC and Does 1-5 as set forth below.

16                          **FIFTH CAUSE OF ACTION**

17                  **Wrongful Discharge in Violation of Public Policy**

18          **(Against Defendant JBA Investment Group LLC and Does 1-5)**

19      85. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs

20  of this Complaint.

21      86. It is a fundamental, substantial and well-established public policy under California law that

22  a workplace be free of disability discrimination, and retaliation for complaints of discrimination.

23  This fundamental public policy is expressed under California Constitution Art. 1 §8, and

24  California Government Code § 12940, *et seq.*

25      87. In acting as alleged herein, Defendants JBA Investment Group LLC and Does 1-5

26  discharged Plaintiff arbitrarily, without just cause, and in violation of statutes and/or fundamental

27  public policies of the State of California.

28      88. As a direct, foreseeable, and proximate result of Defendants JBA Investment Group LLC

---

**17**

**FIRST AMENDED COMPLAINT**

1   and Does 1-5's actions, Plaintiff has suffered and continues to suffer humiliation, embarrassment,
2   mental and emotional distress and discomfort, all to Plaintiff's damage in an amount in excess of
3   the minimum jurisdiction of this court, the precise amount to be proven at trial.

4       89. As a direct and proximate result of Defendants JBA Investment Group LLC and Does 1-
5   5's unlawful actions as described above, Plaintiff  has incurred, and will continue to incur medical
6   expenses, loss of deferred compensation, loss of equity, benefits, earning capacity, wages,
7   opportunities for employment and advancement, and work experience, all to his damage in an
8   amount according to proof.

9       90. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants JBA
10  Investment Group LLC and Does 1-5 was grossly intentional, negligently reckless, willful,
11  wanton, malicious, oppressive and/or unmindful of obligations to Plaintiff and/or exhibits the
12  entire want of care which would rise to the presumption of conscious indifference to the
13  consequences so as to warrant the imposition of punitive damages in an amount sufficient to
14  punish, penalize or deter Defendant, for which Defendants JBA Investment Group LLC and Does
15  1-5 are all liable to Plaintiff.

16      91. WHEREFORE, Plaintiff prays for judgment against Defendants JBA Investment Group
17  LLC and Does 1-5 as set forth below.

18                          **SIXTH CAUSE OF ACTION**
19                      **Negligent Infliction of Emotional Distress**
20              **(Against Defendant JBA Investment Group LLC and Does 1-5)**

21      92. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs
22  of this Complaint.

23      93. By engaging in the conduct set forth herein, Defendants have negligently breached their
24  duty of care not to engage in the conduct alleged.

25      94. Defendants, and each of them, knew or should have known that their actions were likely to
26  result in serious emotional harm, anguish and distress to Plaintiff.

27      95. As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer
28  discomfort, anxiety, humiliation and emotional distress, and will continue to suffer serious

---

**18**

**FIRST AMENDED COMPLAINT**

emotional distress in the future in an amount according to proof.

96. Plaintiff is informed and believes that the wrongful acts and/or conduct alleged herein which was perpetrated by all Defendants was done maliciously, oppressively, and/or fraudulently and with a wrongful intent of harming and injuring Plaintiff and did in fact harm Plaintiff with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. As a result, Plaintiff is entitled to recover punitive damages against said Defendants, and each of them, as allowed for under law.

97. WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

## SEVEN CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against Defendant JBA Investment Group LLC and Does 1-5)

98. Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

99. The conduct set forth herein above by Defendants was extreme and outrageous. Said conduct was intended to cause and did cause severe emotional distress or was done in conscious disregard of the probability of causing such distress.

100.      As a proximate result of said conduct, Plaintiff has suffered and continues to suffer discomfort, anxiety, humiliation and emotional distress, and will continue to suffer serious emotional distress in the future in an amount according to proof.

101.      Plaintiff is informed and believes that the wrongful acts and/or conduct alleged herein which was perpetrated by Defendants was done maliciously, oppressively, and/or fraudulently and with a wrongful intent of harming and injuring Plaintiff and did in fact harm Plaintiff with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff rights. As a result, Plaintiff is entitled to recover punitive damages against Defendants, and each of them, as allowable under law.

102.      WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

### EIGHT CAUSE OF ACTION

### Failure to Pay California Overtime Wages

**FIRST AMENDED COMPLAINT**

**(Cal. Labor Code §§ 510, 1194, 1198 and Wage Order 5-2001**

**(Against All Defendants)**

103.     Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

104.     At all relevant times, Defendants were employers subject to California Labor Code section 510 and California Industrial Welfare Commission Wage Order 5-2001, which include provisions setting forth the definition of overtime and the amount of compensation to be paid to an employee that works overtime.

105.     At all relevant times, Plaintiff was a non-exempt employee of Defendants under California law.

106.     At all relevant times, Defendants were required to compensate Plaintiff for all overtime work performed, at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week (whichever was greater), and for the first eight (8) hours on the seventh (7th) consecutive day of any work week. Additionally, Defendants were required to compensate Plaintiff with double time after twelve (12) hours in a single workday and after eight (8) hours on the seventh (7th) consecutive day of any work week.

107.     On more than one occasion, Defendants engaged, suffered, or permitted Plaintiff to work in excess of eight (8) hours in a day.

108.     On more than one occasion, Defendants engaged, suffered, or permitted Plaintiff to work in excess of forty (40) hours a week.

109.     On more than one occasion, Defendants engaged, suffered, or permitted Plaintiff to work (12) hours in a single workday and more than eight (8) hours on the seventh (7th) consecutive day of any work week.

110.     Defendants have failed to pay Plaintiff an overtime premium for every hour of overtime that Defendant engaged, suffered, or permitted Plaintiff to work in violation of Labor Code section 1194.

111.     As a direct and proximate result of Defendants' wrongful acts and omissions alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial. Plaintiff

**FIRST AMENDED COMPLAINT**

has incurred and will continue to incur attorney's fees as a result of prosecuting this cause of action.

**NINE CAUSE OF ACTION**

**Violation of the Fair Labor Standards Act for Non-Payment of Overtime**

**(29 U.S.C. §§ 201, *et. seq.*)**

**(Against All Defendants)**

112.       Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

113.       29 U.S.C. § 203(s) states that the provisions of the FLSA applies to all entities, institutions or businesses which employ persons involved in interstate commerce and whose annual gross volume of sales is not less than $500,000.

114.       Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 USC § 203. At all relevant times, Defendants have employed Plaintiff. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

115.       At all relevant times herein, Plaintiff's employment with Defendants was subject to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA") by virtue of Defendants' direct involvement in interstate commerce.

116.       Plaintiff is informed and believes and thereon alleges that Defendants are an "enterprise engaged in commerce or in the production of goods for commerce" as those terms are defined in the statute and as interpreted by courts, and therefore Defendants are subject to, and must comply with, the provisions of the FLSA. Further, during the Employment Period, Plaintiff used interstate instrumentalities of commerce as a regular and recurrent part of his employment duties.

117.       29 U.S.C. § 207, requires all employees to be paid overtime compensation for work performed in excess of forty (40) hours per week, unless specifically exempted by the law.

118.       Although Plaintiff was not exempt during his employment with Defendants,

21

---

**FIRST AMENDED COMPLAINT**

Defendants knowingly caused and permitted Plaintiff to regularly work in excess of forty (40) hours per week without paying Plaintiff one and one half (1 ½) times Plaintiff's regular rate of pay. Defendants were fully aware of the hours worked by and the duties assigned to Plaintiff.

119.     By not paying overtime compensation in compliance with the FLSA, Defendants violated Plaintiff's rights under 29 U.S.C. §§ 201, et seq.

120.     Defendants intentionally failed to provide to Plaintiff overtime compensation, and thus Defendants are liable to Plaintiff for overtime compensation and liquidated damages in an amount equal to unpaid overtime compensation, pursuant to 29 U.S.C. § 216(b) of the FLSA.

121.     Plaintiff was required to retain an attorney for bringing this action and is entitled to an award of reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

122.     Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, and liquidated damages, attorney's fee and cost, as provided by the FLSA, 29 U.S.C. §§ 216(b), 255 and such other legal and equitable relief as the Court deems just and proper.

## TEN CAUSE OF ACTION

### Failure to Provide Adequate Meal and Rest Periods

### Cal. Lab. Code § 512, 226.7, 1194 and Wage Order 5-2001

### (Against All Defendants)

123.     Plaintiff incorporates by reference as though fully set forth herein the preceding paragraphs of this Complaint.

124.     Defendants, at all relevant times, were employers subject to California Labor Code section 512 and California Industrial Welfare commission Wage Order 5-2001, which include provisions requiring Defendants to provide meal and rest periods to Plaintiff.

125.     At all times alleged herein, Plaintiff was a non-exempt employee of Defendants under California law.

126.     California Industrial Welfare Commission Wage Order 5-2001provides that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period at least 30 minutes and that no employer shall employ any person for a work period of more than ten (10) hours without providing a second meal period of at least 30 minutes.

**FIRST AMENDED COMPLAINT**

127.     California Industrial Welfare Commission Wage Order 5-2001also provides that every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

128.     Labor Code section 226.7 and the applicable Wage Orders of the Industrial Welfare Commission provide that if an employer fails to provide a non-exempt employee with an appropriate off duty meal period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided. If an employer fails to provide an employee a rest period in accordance with the Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

129.     On more than one occasion, Plaintiff worked for at least five (5) hours through his employment with Defendants. Defendants knew that Plaintiff was entitled to meal and periods, but regularly denied him this right. However, Plaintiff was not allowed to take an uninterrupted 30-minute "off-duty" meal break. Here, Defendants violated Labor Code sections 226.7, 512, and Wage Order No. 5, Section 12 in many different ways, including the following:

    a.   Required Plaintiff to work without meal and rest periods;

    b.   Failed to release Plaintiff from all duties during meal and rest periods;

    c.   Prevented Plaintiff  from taking full **30-minute** breaks;

    d.   Required Plaintiff to take on duty meal and rest breaks; and

    e.   Did not allow Plaintiff to take meal breaks within a statutory **5-hour** period;

    f.   Did not allow Plaintiff to take rest breaks within a statutory **4-hour** period or major fraction of thereof;

    g.   Unlawfully required Plaintiff to waive meal and rest periods;

    h.   Failed to pay Plaintiff one additional hour of pay when meal and rest periods were not provided;

130.     Defendants knew that Plaintiff was a non-exempt employee working without meal

**FIRST AMENDED COMPLAINT**

1    and rest break and knowingly, willfully, maliciously, oppressively, fraudulently failed to provide

2    meal and rest breaks.

3    131.    Because Defendants failed to provide the required meal and rest breaks, Defendants

4    are liable to Plaintiff for one (1) hour of additional pay at the regular rate of compensation for each

5    workday that the proper meal and rest breaks were not provided pursuant to Labor Code section

6    226.7 and Wage Order 5-2001.

7    132.    As a direct and proximate result of Defendants' wrongful acts and omissions

8    alleged herein, Plaintiff has suffered actual damages in an amount set forth in the Prayer for Relief

9    at the conclusion of this Complaint.

10   133.    As a direct and proximate result of Defendants' wrongful acts and omissions

11   alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

12                                **ELEVEN CAUSE OF ACTION**

13                          **Failure to Pay All Wages Due at Termination**

14                             **(Cal. Labor Code §§ 201, 202, 203)**

15                                **(Plaintiff Against All Defendants)**

16   134.    Plaintiff incorporates by reference as though fully set forth herein the preceding

17   paragraphs of this Complaint.

18   135.    Labor Code section 202 provides that an employer is required to provide an

19   employee who resigns with all unpaid wages within 48 hours of resignation. Under Labor Code

20   section 203, if an employer willfully fails to pay such wages, for every day that final wages or any

21   part of the final wages remain unpaid, the employer is liable for a penalty equivalent to the

22   employee's daily wage, for a maximum of 30 days.

23   136.    Defendants terminated Plaintiff's employment on January 14, 2020. Defendants,

24   however, as described above, willfully failed and refused to pay Plaintiff all accrued wages owed,

25   including unpaid overtime, on the day of his termination, as required under California Labor Code

26   section 201.

27   137.    Since the date of Plaintiff's termination, Plaintiff has been available and ready to

28   receive the wages due and owing Plaintiff. Plaintiff has not refused to receive any payment from

---

**24**

**FIRST AMENDED COMPLAINT**

1    Defendants.

2        138.    Defendants' failure to pay the wages due and owing Plaintiff were willful in that

3    Plaintiff has made a demand for this payment but Defendants have refused to pay any portion of

4    the amount due and owing Plaintiff.

5        139.    Defendants' willful failure to pay Plaintiff's wages constitutes a violation of Labor

6    Code section 203 that provides that an employee's wages will continue as a penalty until paid up to

7    30 days from the time the wages were due. Therefore, Plaintiff is entitled to a penalty in the

8    amount of his daily wage rate multiplied by 30 days.

9        140.    Pursuant to Labor Code section 1194, Plaintiff requests the court to award Plaintiff'

10   reasonable attorney's fees and costs incurred in this action.

11                               **TWELVE CAUSE OF ACTION**

12   **Failure to Provide Accurate Itemized Wage Statements and Maintain Adequate Records**

13                   **Cal. Lab. Code §§ 226 & 1174 and Wage Order 5-2001**

14                          **(Plaintiff Against All Defendants)**

15       141.    Plaintiff incorporates by reference as though fully set forth herein the preceding

16   paragraphs of this Complaint.

17       142.    Pursuant to California Labor Code sections 226 and 1174, and the record keeping

18   provisions of Wage Order 5-2001, ¶ 7, all employers are required to maintain accurate records of

19   each employee's hours of work and meal breaks each workday for a period of at least three (3)

20   years, and provide to each employee with accurate, periodic wage payments in writing setting

21   forth, among other things: (a) the dates of labor for which payment of wages is made; (b) the total

22   hours of work for the pay period; (c) the applicable rates of pay for all hours worked; (d) gross and

23   net wages paid, as well as all authorized deductions from those wages; and (e) the name and

24   address of the employer.

25       143.    Defendants  have knowingly failed to comply with California Labor Code section

26   226 by, among other things: (a) failing to provide accurate itemized wage statements in writing

27   showing all applicable rates in effect during the pay period and the corresponding number of hours

28   worked at each hourly rate by Plaintiff; (b) failing to show the dates of labor for which payments

---

**25**

**FIRST AMENDED COMPLAINT**

are or were being made; and (c) failing to provide complete and/or accurate information concerning deductions that are or have been taken from the Plaintiff's wages.

144.     California Labor Code section 226(e) further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter. During the course of Plaintiff' employment, Defendants consistently failed to provide Plaintiff with adequate pay statements as required by California Labor Code section 226.

145.     Defendants failed to provide such adequate statements willingly and with full knowledge of his obligations under section 226. Defendants' failure to provide such adequate statements has caused injury to the Plaintiff in that Plaintiff was not able to calculate his overtime.

146.     Plaintiff is entitled to recover the greater of actual damages or penalties as a result of Defendants' failure to provide proper records, in the amount set forth in the prayer at the conclusion of this complaint. Plaintiff incurred costs and attorney fees in bringing this action, and such costs and attorney fees should be awarded to Plaintiff under California Labor Code §226

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against all Defendants as follows:

a)  For compensatory damages against all Defendants in the amount to be proven at trial representing the unpaid amount of compensation owed to Plaintiff for the overtime wage pursuant to Labor Code sections 1194 and 510.

b)  For liquidated damages against all Defendants pursuant to 29 U.S.C. §§ 216(b) and Labor Code section 1194.2 against all Defendants in the amount to be proven at trial.

c)  For compensatory damages against all Defendants in the amount to be proven at trial, representing the amount of unpaid compensation owed to Plaintiff for inadequate meal and rest periods pursuant to Labor Code section 226.7 and 512 and Wage Order No. 5-2001.

d)  For waiting time penalties provided by Labor Code section 203 against all Defendants according to proof.

e)  For the statutory amounts against all Defendants provided by Labor Code section  226(e) according to proof.

**FIRST AMENDED COMPLAINT**

f) For reasonable attorney's fees and costs of suit pursuant to Lab. Code §226(e), and

g) For compensatory and general damages against in an amount according to proof, including back pay, front pay, past and future damages for emotional and mental distress, and past and future medical costs and expenses against Defendants JBA Investment Group LLC and Does 1-5.

h) For punitive damages pursuant to California Civil Code Section 3294 against Defendants JBA Investment Group LLC and Does 1-5; and

i) For prejudgment and post-judgment interest against all Defendants according to any applicable provision of law, according to proof.

j) Reasonable attorney's fees and the costs of this suit against all Defendants under to California Government Code Section 12965(b); and California Code of Civil Procedure Section 1021.5; Labor Code sections 1194, 218.5, 226, and 29 U.S.C. §§ 216(b); and

k) For such other and further relief as the Court deems just and proper.

Dated:      December 28, 2020      KUCHINSKY LAW OFFICE, P.C.

BY_____
Alexei Kuchinsky
Attorney for Plaintiff Madhav Marasini

**FIRST AMENDED COMPLAINT**

## VI.      DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.


Dated:       December 28, 2020                    KUCHINSKY LAW OFFICE, P.C.


BY _____
Alexei Kuchinsky
Attorneys for Plaintiff Madhav Marasini

**FIRST AMENDED COMPLAINT**