RICHARD D. SCHRAMM, Bar No. 151696
EMPLOYMENT RIGHTS ATTORNEYS
1500 East Hamilton Ave., Ste. 118
Campbell, CA 95008
Tel: (408) 796-7551
Fax: (408) 796-7368
Email: rschramm@eralawyers.com
Attorneys for Defendants,
JBA Investment Group LLC and
Bella Awdisho

ALEXEI KUCHINSKY, Bar No. 279405
KUCHINSKY LAW OFFICE, P.C.
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Tel: (628) 200-0902
Fax: (628) 200-0907
Email: ak@kuchinskylawoffice.com

Attorney for Plaintiff,
MADHAV PRASAD MARASINI

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE FEDERAL COURTHOUSE

| | |
|---|---|
| MADHAV MARASINI,<br><br>PLAINTIFF,<br><br>VS.<br><br>JBA INVESTMENT GROUP LLC AND BELLA AWDISHO, AND DOES 1 THROUGH 25,<br><br>DEFENDANTS. | CASE NO.: 5:20-CV-04235-NC<br><br>**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE; MEMORANDUM IN SUPPORT OF MOTION**<br><br>**Judge:** Hon. Nathanael M. Cousins<br>**Location:** Courtroom 5, 4th Floor,<br>San Jose Federal Court House<br>**Date/Time:** September 15, 2021 at 1:00 PM<br><br>Action Filed: May 15, 2020 [California State Court]<br>Removed: June 25, 2020 |

1

**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION**

PLEASE TAKE NOTICE that on Wednesday, September 15, 2021 at 1:00 pm, or as soon thereafter as the matter may be heard in Courtroom 5 of this Court, located at 280 South 1st Street, San Jose, CA 95113, Plaintiff Madhav Marasini ("Plaintiff" or "Marasini") and Defendants JBA Investment Group LLC and Bella Awdisho (collectively, "Defendants"), will hereby and do jointly move for an order (1) approving the settlement of Plaintiff's claim under the Fair Labor Standards Act, and (2) dismissing this entire action with prejudice.

The Parties resolved their dispute and hereby seek Court approval of the settlement of Plaintiff's claim under the Fair Labor Standards Act, which is being resolved as part of a full and final settlement of this entire action. As set forth in the accompanying Memorandum, the settlement is a fair and reasonable resolution of this single-plaintiff dispute, particularly in light of Defendants' defenses. The Parties request that the Court, upon approval of the settlement, dismiss this entire action with prejudice. The parties also request that the Court retain jurisdiction to enforce the Settlement Agreement between Plaintiff and Defendants by issuing an Order that explicitly retains jurisdiction to enforce the settlement agreement pursuant to *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 381-82, (1994).

The motion is based on this Notice, Memorandum in support of the motion; Proposed Order, the Court's record of this action; and all matters of which the Court may take notice; and such documentary oral evidence received by the Court at the hearing on the motion.

Dated: August 18, 2021     KUCHINSKY LAW OFFICE, P.C.

BY: _____
Alexei Kuchinsky, Esq.
Counsel for Plaintiff, MADHAV PRASAD MARASINI

Dated: August 18, 2021     */s/ Richard D. Schramm (w/ permission)*
RICHARD D. SCHRAMM, Esq.
EMPLOYMENT RIGHTS ATTORNEYS
Attorneys for Defendants,
JBA INVESTMENT GROUP LLC and
   BELLA AWDISHO

2

**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION**

# MEMORANDUM IN SUPPORT OF MOTION

## I. INTRODUCTION

Plaintiff Madhav Marasini ("Plaintiff" or "Marasini") and Defendants JBA Investment Group LLC and Bella Awdisho (collectively, "Defendants") file this Joint Motion for Approval of the Fair Labor Standards Act's ("FLSA") Settlement and Dismissal of Action with Prejudice.

This is a wage-and-hour action in which Plaintiff seeks to recover unpaid wages under California Labor Code and the Fair Labor Standards Act. Plaintiff also seeks to recover damages for wrongful termination under the Fair Employment and Housing ("FEHA"). Plaintiff claims that he was unlawfully misclassified as an exempt employee and denied overtime compensation, and premiums for missed meal and rest breaks. The gravamen of Marasini's FEHA claim is that he was terminated in retaliation for taking medical leave to recover from a work-related injury.

Defendants deny Plaintiff's allegations. Defendants contend that they are entitled to an overtime exemption under the FLSA. Defendants further contend that their investigation and quantitative evidence refute Plaintiff's allegations regarding, *inter alia*, the number of hours he worked. Defendants vigorously contest that Plaintiff could ever recover liquidated damages under the FLSA in light of Defendants' ability to show good faith and reasonable belief that Defendants qualified for an overtime exemption.

At the court-directed mediation, the Parties were not able to resolve Plaintiff's claims. After completing written discovery, the Parties resumed their negotiations and, ultimately, reached settlement of all Plaintiff's state and federal claims, without either side admitting any fault or wrongdoing in any manner. The Parties negotiated the settlement in good faith and reached a resolution that is fair and reasonable under the circumstances. Thus, the Parties respectfully request the Court approve the settlement and then dismiss this entire action with prejudice.

## II. PROCEDURAL HISTORY OF SETTLEMENT

This Action was initially filed in Santa Clara Superior Court on May 15, 2020, and, subsequently, removed by Defendants to this Court on June 25, 2020 (Doc. No. 1). In his Complaint, Plaintiff Marasini alleged the following damages:

1) unpaid overtime under California Labor Code Section 510 and the FLSA;

3

NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION

2)  liquidated Damages under the FLSA;

3)  unpaid Meal and Rest Break Premiums under California Labor Code Section 226.7;

4)  waiting Time Penalties Under California Labor Code Section 203;

5)  statutory Penalties under Labor Code Section 226 for alleged failure to provide accurate wage statements.

6)  lost income under California Government Code Sections 12926(j) and 12940(a) ("FEHA") for alleged disability discrimination, retaliation, and wrongful termination; and

7)  attorney's fees and costs under California Labor Code section 1194 and California Government Code Section 12965(b).

Pursuant to the Parties' ADR Stipulation, the Court referred this Action to the Court's ADR Unit, which later appointed Victor Schachter, as a mediator. On November 30, 2020, the Parties participated in a full-day mediation before Victor Schachter via a remote application Zoom. Mr. Schachter continued to mediate the matter into January 2021. The matter did not resolve during mediation and the Parties continued to litigate the case until June 2021. After the Parties completed written discovery, they resumed settlement discussions and were able to reach a settlement of all claims.

Under the terms of the settlement, Defendants agreed to pay Plaintiff Marasini an amount almost five times Plaintiff's calculations of FLSA overtime wages due, in exchange for a release of all federal and state claims against all Defendants. Under the Settlement, the settlement sum is to be paid during the course of six months in installment payments to be completed on October 10, 2021. The attorney's fees are paid to Plaintiff's attorney under the terms set forth in the fee agreement executed by Plaintiff and Plaintiff's attorney. Plaintiff and Plaintiff's attorney have agreed that the fee paid was fair and reasonable. These fees represent approximately one-third of the total amount of the settlement and are reasonable given the stage of the case and work performed to date.

### III.  LEGAL STANDARD

While some difference of opinion exists, courts have required court approval of the settlement of FLSA claims whereby the parties present the settlement to the court. *Yue Zhou v. Wang's*

4

**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION**

*Rest.*, No C 05-0279 PVT, 2007 U.S. Dist. LEXIS 60683, at *2, *4 (N.D. Cal. Aug. 8, 2007) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982)). "If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litiga-tion." *McKeen-Chaplin v. Franklin Am. Mortg. Co.,* No C 10-5243 SBA, 2012 U.S. Dist. LEXIS 179635, at *6 (N.D. Cal. Dec. 19, 2012) (quoting *Lynn's Food Stores,* 679 F.2d at 1354-55); See *Luo v. Zynga Inc.*, No. 13-CV-00186 NC, 2014 WL 457742, at *2 (N.D. Cal. Jan. 31, 2014).

## IV.   ARGUMENT

The Parties respectfully request the Court approve the settlement of Plaintiff's FLSA claim, which is part of a full and final settlement of this entire action. There is a *bona fide* dispute between the Parties as to whether and to what extent Plaintiff is entitled to overtime and worked the magnitude of overtime hours during the employment period, as well as to whether all wages owed to him have been paid.

From September 2, 2019 to January 14, 2020, Defendants employed Marasini as a Chef at the catering facility, "Silicon Valley Corporate Catering," located at 1390 Pear Avenue, Mountain View, California. He was paid an annual salary of $85,000. Plaintiff claims that during the 16-week employment period, Defendants misclassified him as an exempt employee and denied him overtime compensation to which he was entitled under California Labor Code section 510 and the FLSA. Marasini claims he regularly worked 5 workdays per week, 13-15 hours per workday or 65-75 hours per work week.  Marasini claims that for each week worked, he is owed $350.25 in overtime (30 overtime hours x 0.5 x $23.35[1]) under the FLSA. (See 29 C.F.R. § 778.114). For the entire employment period, he claims **$8,723.56** in unpaid overtime under the FLSA and the same amount in liquidated damages pursuant to 29 U.S.C. § 216(b) of the FLSA.[2]

---

[1] For purposes of overtime calculations, Marasini's legal rate of pay was $23.35, which is computed by dividing his weekly compensation by 70 hours. ($85,000/52 weeks/70 hours) See 29 C.F.R. § 778.114.
[2] An employer who willfully violates the FLSA is liable for liquidated damages equal to the amount of unpaid compensation. 29 U.S.C. § 216(b).

5

**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION**

1  Defendants deny Plaintiff's allegations. Among other things, Defendants contend that
2  Defendants were entitled to an overtime exemption under the FLSA via the state and federally
3  recognized executive exemption. Specifically, Defendants contend this exemption applies because
4  (1) Plaintiff was paid an annual salary of $85,000 (or $1,634.61 per week, more than the required
5  weekly salary of $684, (2) his primary duty was to manage the enterprise, or managing a
6  customarily recognized department or subdivision of the enterprise, and (3) he customarily and
7  regularly directed the work of at least two or more other full-time employees; and (3) he had the
8  authority to hire or fire other employees, or make suggestions and recommendations as to the
9  hiring, firing, advancement, promotion or any other change of status of other employees must be
10 given particular weight. (See 29 C.F.R. § 541.100).

11  Defendants also dispute that Plaintiff worked 65-75 hours per week. Defendant's
12 quantitative review of Plaintiff's employment establish Plaintiff's estimate of hours worked is
13 grossly exaggerated. Even if no overtime exemption existed under the FLSA, Defendants'
14 investigation and evidence show Plaintiff did not work the overtime hours claimed. Moreover,
15 Defendants contend Plaintiff has no evidence to support his request for liquidated damages.

16  In order to avoid the costs and burdens of litigation and without admitting liability, the
17 parties reached an arms-length, bargained for, settlement on June 30, 2021. The parties represent
18 that the settlement is a fair and reasonable resolution of disputed issues of FLSA coverage and
19 potential liability as it more than covers Plaintiff's claim for FLSA unpaid overtime, which
20 Defendants contend is based on grossly inflated estimates of hours worked and is unsupported by
21 the evidence. Under the settlement agreement, Defendants agreed to pay Plaintiff a sum that fairly
22 compensates Plaintiff on his claims and takes into account Defendants' defenses.

23  Because the terms of the settlement "reflect a reasonable compromise over issues that are
24 actually in dispute," this Court should "approve the settlement 'in order to promote the policy of
25 encouraging settlement.'" *See McKeen-Chaplin*, 2012 U.S. Dist. LEXIS 17635, at *6 (quoting
26 *Lynn's Food Stores,* 679 F.2d at 1354).

27
28

**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION**

## V. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant this Motion to (1) approve the settlement under the FLSA (which is being resolved as part of a full and final settlement of this entire action), and (2) dismiss this entire action with prejudice.

If possible, the parties request that the Court retain jurisdiction to enforce the Settlement Agreement between the parties by issuing an Order that explicitly retains jurisdiction to enforce the settlement agreement pursuant to *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 381-82, (1994).

Dated: August 18, 2021      KUCHINSKY LAW OFFICE, P.C.

BY: _____
Alexei Kuchinsky, Esq.
Counsel for Plaintiff, MADHAV PRASAD MARASINI

Dated: August 18, 2021      /s/ *Richard D. Schramm (w/ permission)*
RICHARD D. SCHRAMM, Esq.
EMPLOYMENT RIGHTS ATTORNEYS
Attorneys for Defendants,
JBA INVESTMENT GROUP LLC and
BELLA AWDISHO

**NOTICE OF MOTION AND JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION; MEMORANDUM IN SUPPORT OF MOTION**